Filed 1/4/22  P. v. Mendiola CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047240, H047983 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC933529) |
| v. | |
| LEONCIO RAMON MENDIOLA, | |
| Defendant and Appellant. | |

Defendant Leoncio Ramon Mendiola pleaded no contest in 2014 to attempted murder and admitted that he personally used a firearm in return for a 19-year prison sentence.  Defendant petitioned the trial court for resentencing in 2019 after the Legislature vested trial courts with discretion to strike formerly mandatory firearm enhancements.  The trial court denied the request because defendant's judgment had become final after there was no timely appeal.  Defendant obtained relief from default for his failure to timely appeal, and appealed both the original judgment and the post-judgment order denying his petition for resentencing.  He argues that because his judgment is not final, he is entitled to a remand to allow a renewed opportunity to petition for resentencing.  For the reasons stated here, we will remand the matter for that purpose.

## I.  TRIAL COURT PROCEEDINGS

Defendant was charged by information with attempted murder (Pen. Code, §§ 187, 664) and shooting at an occupied vehicle (Pen. Code, § 246).  (Unspecified statutory references are to the Penal Code.)  As to both felonies, the information alleged defendant

personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), and personally inflicted great bodily injury (§ 12022.7, subd. (b)). He was also charged with one misdemeanor count of exhibiting a firearm (§ 417, subd. (a)(2)). According to the probation report, the charges stemmed from defendant shooting the driver of a vehicle in the head, which caused partial paralysis.

As part of a negotiated disposition, the prosecution amended the information to remove the firearm discharge allegation and its 25-years-to-life penalty and instead alleged that defendant personally used a firearm (§ 12022.53, subd. (b)), which carries a 10-year determinate punishment. Defendant pleaded no contest to attempted murder and admitted using a firearm during that offense. He agreed to serve 19 years in prison, consisting of nine years for attempted murder plus 10 years consecutive for the firearm use enhancement. He also agreed to waive 365 days of presentence custody credit. Consistent with the parties' agreement, the trial court dismissed the remaining charges and special allegations at sentencing.

Representing himself, defendant petitioned for resentencing in 2019, contending that he was entitled to the ameliorative sentencing change in Senate Bill No. 620. The trial court denied the petition because defendant's judgment became final in 2014 without a timely notice of appeal.

Defendant initially appealed from the order denying his resentencing petition (case No. H047420). Appointed appellate counsel requested relief from default in this court based on ineffective assistance of trial counsel for not having timely appealed the judgment. We granted the unopposed request, and defendant appealed the judgment (case No. H047983) on the identical ground. We ordered the appeals considered together.

## II.    DISCUSSION

Defendant's sole contention in both appeals is that he is entitled to resentencing because of a change in the law that vests trial courts with discretion to strike formerly

2

mandatory firearm use enhancements. When defendant was sentenced in 2014, the penalty for any section 12022.53 firearm enhancement was mandatory. (See § 12022.53, former subd. (h) ["Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."]; Stats. 2010, ch. 711, § 5.) Senate Bill No. 620 (2017–2018 Reg. Sess.) amended sections 12022.5 and 12022.53 to give trial courts discretion to strike firearm enhancements. (§ 12022.53, subd. (h); Stats. 2017, ch. 682, §§ 1–2.) That amendment potentially applies to defendants sentenced under the prior version of the law whose judgments are not yet final, unless it is clear from the record that the trial court would not have struck the enhancement even if it could have. (*In re Estrada* (1965) 63 Cal.2d 740; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 424–425.) Given that defendant's sentence was stipulated, the record here does not reflect how the trial court might exercise its discretion as to the firearm enhancement. A limited remand is therefore appropriate to allow defendant to renew his request for resentencing.

The Supreme Court recently explained the effect of such a remand when, as here, a defendant seeks resentencing after a sentence is imposed as part of a negotiated disposition. (*People v. Stamps* (2020) 9 Cal.5th 685, 705 (*Stamps*) [applying new discretion over prior serious felony enhancements].) The *Stamps* court rejected the notion that a defendant could use an ameliorative change in the law to " ' "whittle down the sentence" ' " while leaving the rest of the plea bargain intact. (*Id.* at p. 706.) But the court determined that defendants are nonetheless entitled to seek the benefit of the change in the law. A trial court faced with such a request has two options. First, the trial court can decline to exercise its discretion, in which case the sentence remains unchanged. Second, the trial court can indicate its willingness to strike the enhancement, effectively withdrawing approval of the plea agreement and returning the case to its pre-plea status. (*Id.* at pp. 706–707.) The Supreme Court described the potential risk to a defendant who elects to withdraw his or her plea to attempt to obtain the benefit of a change in the law,

3

noting the defendant " 'presumably obtained some benefit from the plea agreement' " such that his or her interests might be better served by retaining the original sentence. But the court concluded "it is ultimately defendant's choice whether he wishes to seek relief." (*Id.* at p. 708.)

Applying those concepts to defendant's case, we note that the trial court's decision was correct based on the record before it, because before obtaining relief from default in this court defendant's judgment was functionally final. But now that defendant has obtained relief from default, his judgment is not final and he is entitled to seek the benefit of the change in section 12022.53. The Attorney General emphasizes that defendant's choice to withdraw his plea risks the possibility of a higher sentence, but as the *Stamps* court made clear "it is ultimately defendant's choice whether he wishes to seek relief." (*Stamps*, *supra*, 9 Cal.5th at p. 708.)

### III. DISPOSITION

The order filed April 3, 2019 in superior court case No. CC933529 is reversed. The matter is remanded to the superior court to allow defendant to renew his petition for resentencing under Senate Bill No. 620.

_____
Grover, Acting P.J.

**WE CONCUR:**

_____
Lie, J.

_____
Wilson, J.

H047240, H047983 - *The People v. Mendiola*