Humes, P.J.
*445 *423 Defendant Alpacino McDaniels was charged with murder after 23-year-old Teric Traylor was shot and killed during a street fight in West Oakland. McDaniels's defense was that he was not the shooter, but a jury found otherwise and convicted him of one count of first degree murder and one count of being a felon in possession of a firearm.[1] The jury also found true three firearm enhancements accompanying the murder count, including that McDaniels personally and intentionally discharged a firearm causing death.[2]
The trial court sentenced McDaniels to a total term of 50 years to life in prison, composed of a term of 25 years to life for the murder, a consecutive term of 25 years to life for the discharge of a firearm causing death, and a concurrent term of two years for the firearm possession offense. Twenty- and ten-year terms for the other two firearm enhancements were stayed.
On appeal, McDaniels contends that (1) the trial court erred by denying his request for a pinpoint jury instruction about suggestive identification procedures; (2) the prosecutor committed misconduct by commenting on McDaniels's failure to testify; (3) the court should have stayed his sentence for the firearm possession offense; and (4) he is entitled to two additional days of custody credits and the abstract of judgment inaccurately reflects the sentence imposed for the murder count. We reject these claims, except we agree that the errors he identifies in the calculation of custody credits and the abstract of judgment must be corrected.[3]
In the published portion of this opinion, we also conclude that a remand is necessary in light of S.B. 620 (Stats. 2017, ch. 682). This legislation took effect on January 1, 2018, and applies retroactively. It vests sentencing courts with discretion to strike or dismiss firearm enhancements, including the three imposed here, in the interest of justice. We hold that a remand is necessary because the record contains no clear indication that the trial court will not exercise its discretion to reduce McDaniels's sentence. In so holding, we *424 decline to adopt the standard recently applied by the Second District Court of Appeal that requires a remand only if the reviewing court determines that there is a reasonable probability the trial court will exercise its discretion in the defendant's favor. ( People v. Almanza (Apr. 9, 2018, B270903) --- Cal.App.5th ----, 231 Cal.Rptr.3d 210, 2018 WL 1704193, 2018 Cal.App.LEXIS 297 ( Almanza ).) We therefore remand the matter to the trial court for it to consider whether to strike the firearm enhancements, a disposition neither party opposes. We also direct the court to correct the errors in the calculation of custody credits and the abstract of judgment. Otherwise, we affirm. *446 I.**
II.
DISCUSSION
A.-D.***
E. Remand Is Required for the Trial Court to Consider Whether to Strike the Firearm Enhancements.
At the time it sentenced McDaniels, the trial court had no discretion to strike the three firearm enhancements imposed under section 12022.53. (Former § 12022.53, subd. (h).) In October 2017, however, the Legislature passed S.B. 620, which took effect on January 1, 2018. The statute provides that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).) The discretion conferred by the statute "applies to any resentencing that may occur pursuant to any other law" (ibid. ), and it applies retroactively to non-final judgments. ( People v. Woods (2018) 19 Cal.App.5th 1080, 1090-1091, 228 Cal.Rptr.3d 318 ; see also *425 People v. Conley (2016) 63 Cal.4th 646, 656, 203 Cal.Rptr.3d 622, 373 P.3d 435.) We conclude that a remand is necessary here for the trial court to exercise its discretion whether to strike the firearm enhancements.
McDaniels filed his opening brief before S.B. 620 passed, and the parties did not address the legislation's consequences in their subsequent briefing. After S.B. 620 took effect, we invited them to submit additional briefing if they opposed a remand for the trial court to exercise the new discretion conferred by the law, and neither party did so. Even though the parties do not oppose this disposition, we turn to the merits to clarify the standard governing the recurring issue of whether a remand is necessary in pending appeals to allow a trial court to exercise its discretion under S.B. 620.
We begin by discussing the general standard for assessing when a remand is required for a trial court to exercise sentencing discretion. "[W]hen the record shows that the trial court proceeded with sentencing on the ... assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." ( People v. Brown (2007) 147 Cal.App.4th 1213, 1228, 54 Cal.Rptr.3d 887.) But if " 'the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required.' " ( People v. Gamble (2008) 164 Cal.App.4th 891, 901, 79 Cal.Rptr.3d 612.)
People v. Gutierrez (1996) 48 Cal.App.4th 1894, 56 Cal.Rptr.2d 529 ( Gutierrez ) involved circumstances similar to those in this case. While the Gutierrez appeal was pending, our state Supreme Court issued People v. Superior Court (Romero ) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628, which, in a retroactive decision, "determined that trial courts have discretion to strike three strikes prior convictions in the furtherance of justice." ( Gutierrez , at p. 1896, 56 Cal.Rptr.2d 529.) Gutierrez concluded that "[r]econsideration of sentencing is required under Romero where the trial court *447 believed it did not have discretion to strike a three strikes prior conviction, unless the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations." ( Ibid. )
We see no reason why this same standard would not apply in assessing whether to remand a case for resentencing in light of S.B. 620. That is, a remand is required unless the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken a firearm enhancement.
*426 The Second District recently applied a different standard in assessing the propriety of a remand by addressing "whether there [was] any reasonable probability the trial court would exercise its discretion to strike the enhancements so as to justify remanding the matter." ( Almanza, supra , ---Cal.App.5th ----, 231 Cal.Rptr.3d 210, 2018 WL 1704193, p. *7, 2018 Cal.App.LEXIS 297, p. 15.) It concluded that there was no such probability, and that remand was therefore unnecessary, after considering three factors: the egregious nature of the defendant's crimes, the defendant's recidivism, and the fact that the trial court had imposed consecutive sentences. It pointed out that the "jury convicted [the defendant] of a cold-blooded, premeditated murder committed for the benefit of a criminal street gang. His record includes two prior strikes and a prior prison term. If the trial court were inclined to be lenient, it would have made the sentence for assault concurrent with the sentence for murder." ( Id. at p. 16, 249 Cal.Rptr. 119, 756 P.2d 843.)
Almanza 's"reasonable probability" standard echoes the familiar standard for assessing whether state law error was prejudicial under People v. Watson (1956) 46 Cal.2d 818, 836, 299 P.2d 243, and it may be fitting when the issue is whether a trial court's abuse of its discretion in declining to strike a firearm enhancement requires reversal. (See People v. Scott (1994) 9 Cal.4th 331, 355, 36 Cal.Rptr.2d 627, 885 P.2d 1040 [where sentencing choice constitutes abuse of discretion, remand for resentencing not required if "it is 'not reasonably probable that a more favorable sentence would have been imposed in the absence of the error' "]; People v. Bravot (1986) 183 Cal.App.3d 93, 98, 227 Cal.Rptr. 810 [applying Watson to conclude any error in imposing consecutive sentence was harmless].) But, in our view, such a harmless-error analysis is less fitting when the issue is whether a remand is required in light of S.B. 620. When a trial court has abused its discretion in choosing among available sentencing options, such as by relying on an improper sentencing factor, a reviewing court must still affirm unless "the error complained of has resulted in a miscarriage of justice." ( Cal. Const., art. VI, § 13.) In these situations, the trial court has revealed which sentencing choice it prefers, and the reviewing court must decide whether there is a reasonable probability that the trial court's lawful exercise of discretion on remand will lead it to make a different choice. But when, as here, a trial court has made no discretionary choice because it was unaware it had authority to make one, an application of the "reasonable probability" standard requires the reviewing court to decide what choice the trial court is likely to make in the first instance, not whether the court is likely to repeat a choice it already made. While it is true that determining whether a trial court is likely to repeat a choice involves some degree of conjecture, determining what choice the trial court is likely to make in first instance is far more speculative, unless the *448 record reveals a clear indication of how the court would have exercised its discretion. *427 The three factors Almanza relied on in concluding that a remand was unnecessary-the egregious nature of the defendant's crimes, the defendant's recidivism, and the fact that consecutive sentences were imposed-may be germane to assessing whether a trial court is likely to exercise its sentencing discretion in the defendant's favor, but they cannot alone establish what the court's discretionary decision would have been. To be sure, the egregiousness of a defendant's crimes, a defendant's criminal history, and the court's sentencing options and rulings may prompt the court to express its intent to impose the maximum sentence permitted. When such an expression is reflected in the appellate record, a remand would be an idle act because the record contains a clear indication that the court will not exercise its discretion in the defendant's favor. (See Gutierrez, supra , 48 Cal.App.4th at p. 1896, 56 Cal.Rptr.2d 529 [declining to remand where trial court indicated defendant was "the kind of individual the law was intended to keep off the street as long as possible"].) But we believe a remand is necessary when there is no such clear indication of the trial court's sentencing intent. (See People v. Brown, supra , 147 Cal.App.4th at p. 1228, 54 Cal.Rptr.3d 887 ; Gutierrez , at p. 1896, 56 Cal.Rptr.2d 529.) Firearm enhancements carry heavy terms and in many cases constitute much if not most of the total sentence.[8] Given these high stakes, it seems to us that a reviewing court has all the more reason to allow the trial court to decide in the first instance whether these enhancements should be stricken, even when the reviewing court considers it reasonably probable that the sentence will not be modified on remand.
We recognize that in some cases any resulting reduction in the sentence will not appreciably reduce the time the defendant must actually serve. This was true in Almanza , where the Second District observed that "[e]ven if the trial court ... were to strike all of the firearm enhancements, it would reduce Almanza's minimum term from 137 years to 112 years," and "[a] 137-year minimum term is no more or less absurd than a 112-year minimum term." ( Almanza, supra , --- Cal.App.5th ----, 231 Cal.Rptr.3d 210, 2018 WL 1704193, p. *8, 2018 Cal.App.LEXIS 297, p. 15.) But the length of any potentially reduced sentence says nothing about the trial court's intent, and even a very long reduced sentence may someday be further reduced through other avenues of postconviction relief or retroactive legislative changes. A remand for resentencing is not an idle act just because a defendant may not derive a present practical benefit should the trial court exercise its discretion in the defendant's favor.
Here, a remand is proper because the record contains no clear indication of an intent by the trial court not to strike one or more of the firearm *428 enhancements. Although the court imposed a substantial sentence on McDaniels, it expressed no intent to impose the maximum sentence. To the contrary, it imposed the midterm for being a felon in possession of a firearm, and it ran that term concurrently to the term for the murder. It also struck "[i]n the interest of justice" four prior convictions it had found true. Thus, nothing in the record rules out the possibility that the *449 court would exercise its discretion to strike the firearm enhancement under section 12022.53, subdivision (d), which doubled McDaniels's total sentence, and then either impose time for one of the stayed lesser firearm enhancements or strike them as well. While we express no opinion on how the court should exercise its discretion on remand, that discretion is for it to exercise in the first instance.
III.
DISPOSITION
McDaniels's convictions are affirmed, but the case is remanded for the trial court to consider whether to strike the three firearm enhancements imposed under Penal Code section 12022.53. The court is also directed to award two additional days of custody credits for the time McDaniels spent in custody in Sacramento County and to ensure the abstract of judgment reflects a term of 25 years to life, not 50 years to life, for the murder conviction. The clerk of the superior court is ordered to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.
We concur:
Margulies, J.
Banke, J.

McDaniels, who stipulated that he had prior felony convictions, was found guilty under Penal Code sections 187, subdivision (a) (murder) and 29800, subdivision (a)(1) (felon in possession of a firearm). All further statutory references are to the Penal Code.

These allegations were found true under section 12022.53, subdivisions (b) (personal use of a firearm), (c) (personal and intentional discharge of a firearm), and (d) (personal and intentional discharge of a firearm causing death).

Although McDaniels does not raise a claim of cumulative error under a separate heading, he argues that the alleged instructional error and prosecutorial misconduct require reversal because of their individual and/or cumulative effect. As we conclude there was no error in either instance, no cumulative error appears.

See footnote *, ante .

See footnote *, ante .

For example, the sentencing triad for attempted murder without premeditation is five, seven, or nine years, but a defendant convicted of that crime after shooting the victim could receive an additional term of 25 years to life for a firearm enhancement. (See §§ 664, subd. (a), 12022.53, subd. (d).)