Filed 11/24/20  P. v. Jackson CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301431 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA068581) |
| v. | |
| AMOS JACKSON et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant Amos Jackson.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant Charles Spencer.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Apttorney General, Zee Rodriguez and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

In 2013, a jury convicted appellants Amos Jackson and Charles Spencer of six counts of robbery, one count of grossly negligent discharge of a firearm, and one count of being a felon in possession of a firearm. The court sentenced each appellant to a total of 245 years to life, including six 10-year sentence enhancements for using a firearm during the commission of the crimes. In September 2019, pursuant to our direction in *People v. Jackson* (Dec. 14, 2016, B259915) 2016 Cal.App.Unpub. LEXIS 8996 (*Jackson I*), the trial court resentenced appellants on the count for grossly negligent discharge of a firearm. During the resentencing there was no discussion whether to strike the firearm enhancements previously imposed.[1] The only issue in this appeal is whether we should again remand, this time to permit the

---

[1] At the time of appellants' 2014 sentencing, imposition of the firearms enhancements was mandatory. Effective January 1, 2018, Penal Code section 12022.5, subdivision (c), gave the trial court discretion to strike the firearm enhancements in the interest of justice. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 377-378.) At the time of appellants' resentencing, the provision had been in effect for 20 months.

trial court to exercise its discretion to strike those firearm enhancements.

Appellants argue remand is required because the record does not clearly show the court would not have struck the sentence enhancements. In response to the People's contention that he forfeited this argument due to his failure to ask the court to strike the enhancements (or object to the court's failure to do so sua sponte), appellant Jackson argues the trial court lacked the power to strike the enhancements on resentencing, and therefore his failure to request such action does not constitute forfeiture. Both appellants also urge us to address their appeal on the merits "to forestall a claim of ineffective assistance of counsel."

We find appellants forfeited their argument by failing to object at the resentencing. Moreover, the trial court is presumed to know the law, and appellants have failed the show the court was unaware of its sentencing discretion. We affirm.

### STATEMENT OF RELEVANT FACTS

In 2013, a jury convicted appellants of six counts of robbery, one count of grossly negligent discharge of a firearm, and one count of being a felon in possession of a firearm. In 2014, the court sentenced each appellant to a total of 245 years to life, which sentence included six 10-year enhancements under Penal Code section 12022.53, subdivision (b), for use of a handgun during the commission of these crimes.

Following appeal, this court remanded to the trial court to correct errors in the abstracts of judgment, and for resentencing on the conviction for grossly negligent discharge of a firearm. (*Jackson I, supra*, 2016 Cal.App.Unpub. LEXIS at *50-*51.) On September 5, 2019, the trial court resentenced appellants as we directed.[2] During resentencing the trial court said nothing about striking the firearm enhancements, and appellants neither asked the court to strike the enhancements, nor voiced any objection to its failure to do so. Appellants filed a timely appeal from the resentencing.

## DISCUSSION

### A.    *Appellants Forfeited Their Argument*

"'[T]he right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have required parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim.'" (*People v. Cardenas* (2020) 53 Cal.App.5th 102, 125.) Our Supreme Court has held that "the waiver doctrine should apply to claims involving the trial court's failure to properly make or

---

[2]    The delay in resentencing apparently resulted from the failure of the Department of Corrections to receive a copy of the remittitur issued in March 2017.

4

articulate its discretionary sentencing choices." (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

It is undisputed that when the trial court resentenced appellants, they neither asked the court to strike the firearm enhancements, nor objected to its failure to do so. Appellant Jackson argues we should nevertheless find he did not forfeit this argument on appeal because the trial court lacked the authority to strike the enhancements during resentencing.[3] Both appellants additionally urge us to address their appeal on the merits "to forestall a claim of ineffective assistance of counsel."

In 2016, we vacated the trial court's sentence on the count for grossly negligent discharge of a firearm, and remanded the case for resentencing on that count. (*Jackson I*, *supra*, 2016 Cal.App.Unpub. LEXIS at *51.) "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) Thus, the court had discretion to strike the firearm enhancements during resentencing, and appellants' lack of objection or request to strike resulted in forfeiture.

---

[3] This is contrary to the acknowledgment in Jackson's opening brief that "[t]he trial court had the discretion to consider whether to strike the firearm enhancements pursuant to the full resentencing rule." Spencer's opening brief also acknowledged the full resentencing rule.

5

**B.**    *Remand Is Not Required*

Citing *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110, appellants contend "[r]emand is required unless the record reveals a clear indication that the trial court would not have reduced the sentence even if at the time of sentencing it had the discretion to do so." (*Ibid.*)  Appellants misread *Almanza*.  There, the sentencing court lacked discretion to strike the firearm enhancements -- it was not until after the appeal was filed that the law granting the trial court such discretion became effective. (*Id.* at 1106, 1109.)  *Almanza* thus addressed the situation in which a court, through subsequent retroactive legislation, was granted discretion it did not have at the time of sentencing. (See also *People v. McDaniels* (2018) 22 Cal.App.5th 420, 424 ["At the time it sentenced [the defendant], the trial court had no discretion to strike the three firearm enhancements imposed under section 12022.53"].)  Here, as Spencer concedes and Jackson correctly conceded in his opening brief, the court had discretion to strike the firearm enhancements when it resentenced them in September 2019. (*Buycks*, *supra*, 5 Cal.5th at 893.)

Nothing in the record indicates the court was unaware of its discretion.  At the time of resentencing, the provision granting the court discretion to strike the firearm enhancements had been in effect for over a year and a half. "[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the

6

record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527; see also *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["[i]n the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law'"].) "When 'the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.' . . . If the record is silent, however, the defendant has failed to sustain his burden of proving error, and we affirm." (*People v. Lee* (2017) 16 Cal.App.5th 861, 866-867.) Here, the record is silent. Appellants have failed to sustain their burden of proving error.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.