Filed 3/17/22  P. v. Cannavan CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>PATRICK ALLEN CANNAVAN,<br><br> Defendant and Appellant. | 2d Crim. No. B311681<br>(Super. Ct. No. 2017021278)<br>(Ventura County) |

Patrick Allen Cannavan appeals a judgment entered following his guilty plea to two counts of forcible lewd acts with a child with admissions regarding the statute of limitations and substantial sexual conduct with a child.  (Pen. Code, §§ 288, subd. (b)(1), 801.1, subd. (a), 1203.066, subd. (a)(8).)[1]  We strike the $5,000 child abuse prevention fine as unauthorized, reverse and remand for resentencing regarding the $10,000 victim-witness assistance fine, but otherwise affirm.  (§§ 294, 288, subd. (e)(1).)

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

In 2010, when S.F. was nine years old, Cannavan touched her over and under her underwear as she sat on his lap. He also forced her to touch his penis. S.F. was a friend of Cannavan's daughter.

Cannavan also touched his step-daughter's breasts and vagina under her clothing. She was then 10 years old.

Pursuant to a plea agreement, Cannavan pleaded guilty to two counts of forcible lewd acts with a child and admitted statute of limitations and substantial sexual conduct allegations. The trial court sentenced Cannavan to a 16-year prison term; imposed a $1,000 restitution fine, $1,000 parole revocation restitution fine (suspended), $5,000 child abuse prevention restitution fine, and $10,000 victim-witness assistance fine, among other fines; ordered victim restitution; and awarded Cannavan 1,128 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 294, 288, subd. (e)(1).)

Cannavan appeals and challenges imposition of the $5,000 child abuse prevention restitution fine and $10,000 victim-witness assistance fine. (§§ 294, 288, subd. (e)(1).)

*DISCUSSION*

*I.*

Cannavan claims the $5,000 child abuse prevention restitution fine is unauthorized because the crime for which he was convicted is not an enumerated crime in section 294, subdivisions (a) or (b). The Attorney General properly concedes. Accordingly, we strike the section 294 fine as unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

2

*II.*

Cannavan asserts that the trial court was unaware that it had discretion to impose a victim-witness assistance fine less than $10,000 or no fine at all. He points out that section 288, subdivision (e)(1) authorizes the court to impose a fine "not to exceed ten thousand dollars ($10,000)" and enumerates the circumstances the court must consider in setting the fine. Cannavan relies upon the court's statement that it was unable to "modify" the fine ("I don't think I can modify [the section 288, subdivision (e)(1) fine]").

Section 288, subdivision (e)(1) authorizes the trial court to impose a fine not to exceed $10,000 considering "any relevant factors," including the seriousness and gravity of the offense, the circumstances of its commission, and the victim's economic losses, among other factors. The court may also impose no fine at all; section 288, subdivision (e)(1) states that "the court may" impose the fine. Here the court erroneously stated that it had no discretion to "modify" imposition of the fine.

A trial court abuses its discretion when it imposes a sentence unaware of its discretion. (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) "When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion." (*Ibid.*) When the appellate record demonstrates that the court proceeded with sentencing on the assumption that it lacked discretion, remand is necessary to allow the court the opportunity to exercise its sentencing discretion. (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) A court that is unaware of its discretionary authority cannot exercise its informed discretion. (*Ibid.*)

3

*DISPOSITION*

We strike the $5,000 child abuse prevention fine as unauthorized and reverse and remand for resentencing regarding the $10,000 victim-witness assistance fine.  (§§ 294, 288, subd. (e)(1).)  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

4

Anthony J. Sabo, Bruce A. Young, Judges

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.