Filed 5/25/22  P. v. Delavega CA1/1
(opinion on transfer from Supreme Court)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br><br>EDUARDO DELAVEGA,<br><br>　　　Defendant and Appellant. | A154936<br><br>(Contra Costa County<br>Super. Ct. No. 5-170874-2) |

Defendant Eduardo Delavega was charged with murder and various enhancements, including three firearm enhancements under Penal Code section 12022.53, subdivisions (b), (c), and (d).[1]  The jury convicted Delavega of second degree murder and found true the subdivision (d) enhancement, but the verdict form did not reference the subdivision (b) and (c) enhancements. At sentencing, Delavega asked the trial court to exercise its discretion under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill No. 620) to strike the subdivision (d) enhancement, which carries a term of 25 years to life.  The court declined to do so, and it sentenced Delavega to a total term of 40 years to life in prison.  On appeal, he argues that the court erred because it refused

---

[1] All further statutory references are to the Penal Code.  In this opinion, we sometimes refer to these three firearm enhancements under section 12022.53 by their respective subdivisions only.

to strike the subdivision (d) enhancement on the premise that it could only impose or strike that enhancement, not strike that enhancement and impose a lesser enhancement under subdivision (b) or (c).

On January 15, 2021, this court issued an opinion affirming the judgment. After reviewing a split in the Courts of Appeal involving the circumstances under which a trial court has the discretion to impose a lesser enhancement when it strikes a greater enhancement under section 12022.53, we concluded that a court lacks discretion to impose a lesser enhancement that was not separately determined to be true. Delavega filed a petition for review in the California Supreme Court, which was granted in April 2021.

In January 2022, the Supreme Court resolved the split and held that "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a [subdivision (d)] enhancement, and the [trial] court determines that . . . enhancement should be struck or dismissed under section 12022.53[, subdivision ](h), the court may, under section 12022.53[, subdivision ](j), impose an enhancement under [subdivision (b)] or (c)." (*People v. Tirado* (2022) 12 Cal.5th 688, 700 (*Tirado*).) On April 20, 2022, the Supreme Court remanded this case to us with directions to vacate our prior opinion and reconsider the cause in light of *Tirado*. Delavega then filed a supplemental opening brief and the Attorney General filed a supplemental responding brief. (See Cal. Rules of Court, rule 8.200(b).)

We agree with the parties that under *Tirado*, the trial court had discretion to strike the subdivision (d) enhancement and impose either the subdivision (b) or (c) enhancement. Thus, we vacate our decision of

January 15, 2021, and remand for the court to determine whether to strike the subdivision (d) enhancement and impose a lesser enhancement instead.[2]

I.

FACTUAL AND PROCEDURAL
BACKGROUND

A detailed discussion of the facts is unnecessary to our resolution of the appeal. Briefly, however, Delavega got into a fist fight with Justin Kroh in August 2014. Later that month, Delavega, who was then 18 years old, and a friend were driving in Antioch when they spotted Kroh riding a bicycle on the opposite side of the road. Delavega, who testified in his own defense, heard Kroh ask if he was ready for another fight, and Delavega instructed his friend to make a U-turn.

Delavega's friend parked, and Delavega got out of the vehicle and approached Kroh. After a brief confrontation during which Delavega claimed Kroh pulled a knife, Delavega shot at Kroh, striking him in the head. Delavega and his friend fled the scene, and Kroh later died of his injuries.

Delavega was charged with murder and various enhancements. One alleged a gang special circumstance, and another alleged that Delavega committed the offense for the benefit of a street gang.[3] In addition, Delavega was charged with intentionally discharging a firearm causing death under

---

[2] In conjunction with this appeal, Delavega filed a petition for a writ of habeas corpus in which he argued that his trial counsel was ineffective for telling the trial court that it did not have the option to impose a lesser enhancement under section 12022.53. Our prior opinion concluded that Delavega did not thereby forfeit his claim of error, and we denied the habeas petition by separate order. (*In re Eduardo Delavega* (Jan. 15, 2021, A157982).) He did not seek review of the habeas order, and the Supreme Court's order in this matter does not affect it.

[3] Murder was charged under section 187, subdivision (a), and the gang special circumstance was alleged under section 190.2, subdivision (a)(22). The other gang allegation was under section 186.22, subdivision (b)(1)(C).

subdivision (d), personally and intentionally discharging a firearm under subdivision (c), and personally using a firearm under subdivision (b). Allegations were also made under section 12022.53, subdivision (e), pertaining to firearm use during a gang-related crime.

The jury acquitted Delavega of first degree murder, rendering a finding on the gang special circumstance unnecessary (see § 190.2, subd. (a)), but it found him guilty of second degree murder. It also found the remaining separate gang allegation untrue, rendering unnecessary a finding on the firearm allegations under section 12022.53, subdivision (e) (see §§ 186.22, subd. (b), 12022.53, subd. (e)(1)(A)). Finally, the jury found true that Delavega "personally and intentionally discharged a firearm, . . . which proximately caused great bodily injury and death to Justin Kroh, a violation of Penal Code Section 12022.53(d)." The verdict form did not include separate spaces for findings under subdivision (b) or (c) of section 12022.53 or reference either of those subdivisions.

At the May 2018 sentencing hearing, Delavega asked the trial court to exercise its discretion under section 12022.53, subdivision (h) (section 12022.53(h)) to strike the enhancement of 25 years to life under subdivision (d) and impose a total term of 15 years to life for the murder. In addressing the request, the court agreed with Delavega's trial counsel that it had only "two choices, the 15 to life . . . or the 40 to life, and that's it. There's no in between. There's no splitting the difference. Those are the options that face the Court." Concluding that it was not "justifiable" to strike the enhancement, the court imposed a total term of 40 years to life.

II.

DISCUSSION

Section 12022.53 establishes three sentencing enhancements of varying lengths for the personal use of a firearm during the commission of certain

4

felonies. Specifically, subdivision (b) requires a 10-year enhancement for the personal use of a firearm during a qualifying offense, subdivision (c) requires a 20-year enhancement if the firearm is personally and intentionally discharged, and subdivision (d) requires a 25-years-to-life enhancement if the firearm is personally and intentionally discharged and proximately causes great bodily injury or death. Subdivisions (b) and (c) are lesser enhancements of subdivision (d) in the sense that a true finding under subdivision (d) amounts to a true finding under the other two subdivisions. (See *Tirado, supra,* 12 Cal.5th at p. 696; *People v. Morrison* (2019) 34 Cal.App.5th 217, 222.) For any of these enhancements to be imposed, the requisite facts must "be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 12022.53, subd. (j); *Tirado,* at p. 695.)

Senate Bill No. 620 amended section 12022.53(h), which previously prohibited sentencing courts from striking a firearm enhancement found true under the statute. (*Tirado, supra,* 12 Cal.5th at pp. 695–696.) Effective January 1, 2018, subdivision (h) now provides that a sentencing court "may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53(h); *Tirado,* at pp. 695–696.)

The Attorney General argues in both his original and supplemental briefing that Delavega forfeited the claim about the trial court's application of section 12022.53(h). Generally, "[a] party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.) But as we explained in our prior opinion, at the time of Delavega's sentencing the

5

contours of a trial court's authority under amended section 12022.53(h) were unsettled. Thus, we would not have expected competent and knowledgeable counsel to anticipate *Tirado*'s holding and ask the court to impose a lesser enhancement under section 12022.53, and trial counsel's failure to make such a request is excused. (See *People v. Perez* (2020) 9 Cal.5th 1, 8.) Moreover, even if Delavega had forfeited the claim, we would exercise our discretion to decide it. (See *People v. Anderson* (2020) 9 Cal.5th 946, 963.) Therefore, we again address Delavega's claim on the merits.

*Tirado* decisively establishes that the trial court has the discretion to strike the subdivision (d) enhancement and impose a lesser enhancement under subdivision (b) or (c), since by finding the greater enhancement true the jury necessarily found true facts supporting the lesser enhancements.[4] (See *Tirado*, *supra*, 12 Cal.5th at p. 700.) In addition, it is clear the court " 'proceeded with sentencing on the . . . assumption it lacked [such] discretion' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425), since the court stated its only choices were to strike the subdivision (d) enhancement and sentence Delavega to 15 years to life or to impose that enhancement and sentence him to 40 years to life. And finally, the court did not "clearly indicate[]" it would have declined to impose one of the lesser enhancements even if it believed it had discretion to do so. (*McDaniels*, at p. 425.) Therefore, a remand is required for the court to exercise its discretion as clarified by *Tirado*. We express no opinion on how the court should do so.

---

[4] Relying on *People v. McDavid* (2022) 77 Cal.App.5th 763, Delavega argues that under *Tirado* the trial court also has discretion to strike the subdivision (d) enhancement and impose an enhancement under section 12022.5, subdivision (a). We agree with the Attorney General that the claim is premature, and we need not resolve it at this juncture.

## III.
### DISPOSITION

The case is remanded for the trial court to consider whether to strike the enhancement under section 12022.53, subdivision (d), and impose a lesser enhancement.  The judgment is otherwise affirmed.

_____

Humes, P.J.


WE CONCUR:




_____

Banke, J.




_____

Wiss, J. *




*Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Delavega*  (On Remand) A154936