Filed 6/8/22  P. v. Wohlfeil CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072752 |
| v. | (Super.Ct.No. SWF1707381) |
| MICHAEL ANTHONY WOHLFEIL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.

Affirmed in part; reversed in part with directions.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B.

Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant and appellant, Michael Wohlfeil, was convicted of second degree robbery (Pen. Code, § 211, count 1);[1] two counts of assault with a firearm (§ 245, subd. (a)(2), counts 2 & 3); false imprisonment by violence (§ 237, subd. (a), count 4); and dissuading a witness (§ 136.1, subd. (c), count 5). Additionally, the jury found true special allegations that defendant intentionally discharged a firearm in the commission of count 1, and his sentence included a 20-year prison enhancement in connection with that finding (§ 12022.53, subd. (c)). Defendant appeals, requesting only that we remand the matter to allow the trial court to exercise its discretion to consider whether to strike the enhancement and impose a lesser, uncharged firearm enhancement in its place under the authority of section 12022.53, subdivision (h).

On October 5, 2020, this court issued an opinion affirming the judgment after concluding the trial court had no discretion to impose a lesser, uncharged enhancement under section 12022.53. At the time, the Courts of Appeal were divided on the extent of the trial court's discretion on this issue. However, in January 2022, our Supreme Court resolved the split in authority, concluding that, "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an

---

[1] Undesignated statutory references are to the Penal Code.

2

enhancement under section 12022.53(b) or (c)." (*People v. Tirado* (2022) 12 Cal.5th 688, 700 (*Tirado*).)

On April 27, 2022, the Supreme Court remanded this case to us with directions to vacate our prior opinion and reconsider the cause in light of *Tirado*. The parties filed supplemental briefs on the issue, and we agree with the parties that under *Tirado*, the matter should be remanded to the trial court for resentencing.

## II. FACTS AND PROCEDURAL HISTORY

In April 2017, G.F. and B.S. drove to the parking lot of a fast-food restaurant with the intent to meet C.S. and sell her heroin. When they arrived at the parking lot, C.S. met them and climbed into the back seat of the vehicle. As G.F. turned to speak with C.S., he felt a gun press against his neck through his open driver's side window and heard a voice tell him not to move. At trial, G.F. identified defendant as the person holding the gun.

While holding the gun to G.F., defendant demanded money and argued with B.S. At some point, defendant turned the gun toward B.S.; B.S. jumped out of the car and began to run; and defendant fired the gun. Defendant then took a backpack that B.S. had left in the car, as well as money from a wallet B.S. had also left. Defendant demanded G.F. drive defendant and C.S. to a motel away from the scene, and G.F. complied out of fear. After dropping the two off at the motel, G.F. drove away as fast as he could.

As a result of this incident, defendant was convicted of second degree robbery (§ 211, count 1); two counts of assault with a firearm (§ 245, subd. (a)(2), counts 2 & 3); false imprisonment by violence (§ 237, subd. (a), count 4); and dissuading a witness

3

(§ 136.1, subd. (c), count 5). Additionally, the jury found true special allegations that defendant intentionally discharged a firearm in the commission of count 1 (§ 12022.53, subd. (c)), and that he personally used a firearm in the commission of count 4 (§ 12022.5, subd. (a)).

The trial court sentenced defendant to a total of 29 years in state prison.[2] This sentence included a 20-year enhancement for violation of section 12022.53, subdivision (c). Defendant requested the trial court exercise its discretion to strike the enhancement in the interests of justice pursuant to section 12022.53, subdivision (h), but the trial court expressly declined to strike the enhancement. Defendant also inquired whether the court had the authority to reduce the enhancement to the 10-year penalty found in the same statute.[3] The court indicated that it had the authority to impose the enhancement or strike it, but it lacked the authority to reduce it to the 10-year enhancement.

---

[2] Specifically, the trial court imposed the midterm of three years for the robbery of B.S. on count 1 (§ 211), enhanced by 20 years for the intentional discharge of a firearm (§ 12022.53, subd. (c)); a concurrent term of three years for the assault of B.S. on count 2 (§ 245, subd. (a)(2)); a consecutive term of one year, representing one-third the midterm for the assault of G.F. on count 3 (§ 245, subd. (a)(2)); a consecutive term of eight months, representing one-third the midterm for the false imprisonment of G.F. on count 4 (§ 237, subd. (a)), enhanced by one year four months for the use of a firearm (§ 12022.5, subd. (a)); and a consecutive term of three years, representing the midterm for dissuading a witness on count 5 (§ 136.1, subd. (c)).

[3] Section 12022.53(b) provides for a 10-year enhancement where a person personally uses a firearm in the commission of specified felonies.

### III. DISCUSSION

Defendant's only claim on appeal is that this matter must be remanded to allow the trial court to exercise its discretion to potentially impose a lesser, uncharged firearm enhancement in place of the 20-year enhancement imposed pursuant to section 12022.53, subdivision (c). In light of *Tirado*, we agree that the matter must be remanded for this purpose.

Section 12022.53 provides three different sentence enhancements for the personal use of a firearm in the commission of enumerated offenses: a 10-year enhancement for the personal use of a firearm (§ 12022.53, subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). Recently, the Legislature amended the statute to include the following: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2.)

*Tirado* clearly establishes "that a trial court has the discretion to strike a greater, charged section 12022.53 enhancement and impose a lesser, uncharged section 12022.53 enhancement where the facts supporting that lesser enhancement were alleged in the information and found true by the jury." (*People v. McDavid* (2022) 77 Cal.App.5th 763, 772; *Tirado*, *supra*, 12 Cal.5th at p. 700.)

5

In this case, defendant requested the trial court exercise its discretion to impose a lesser enhancement.  However, the trial court denied the request based upon the belief that it did not have such discretion.  " '[W]hen the record shows that the trial court proceeded with sentencing on the . . . assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing." (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  Thus, remand is necessary in this case to permit the court to exercise its discretion as clarified in *Tirado*.  We express no opinion as to how the trial court should exercise that discretion under the facts of this case.

## IV.  DISPOSITION

Defendant's sentence is ordered vacated.  The matter is remanded for full resentencing in light of the rule set forth in *People v. Buycks* (2018) 5 Cal.5th 857. Among its other sentencing options, the trial court shall consider whether to exercise its discretion to strike the enhancement under section 12022.53, subdivision (c), and impose a lesser enhancement.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
           J.

We concur:


McKINSTER
  Acting P. J.


RAPHAEL
    J.