Filed 6/24/22  P. v. Lopez CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E071797 |
| v. | (Super.Ct.No. INF1600709) |
| STEVEN LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Reversed and remanded for resentencing.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charlese C. Ragland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Steven Lopez was found guilty of second degree murder and the jury found true the special allegation that he personally used a firearm causing great bodily injury or death within the meaning of Penal Code section 12022.53, subdivision (d).[1]  At sentencing, the trial court refused to strike the firearm enhancement and imposed the 25 years to life sentence on the section 12022.53, subdivision (d), enhancement.  Defendant filed an appeal contending the trial court should have exercised its discretion to strike the enhancement under section 12022.53, subdivision (d), and instead, impose sentence on a lesser included enhancement.  In an unpublished opinion *People v. Steven Lopez* (Jul. 28, 2020, E071797) [nonpub. opn.] (Opinion) we ruled— based on the state of the law at the time—that the trial court only had discretion to strike or impose the section 12022.53, subdivision (d), enhancement.  Defendant filed a petition for review, which was granted.

On April 27, 2022, the California Supreme Court transferred the matter back to this court with instructions to vacate our previous decision and reconsider the cause in light of *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which concluded that trial courts are permitted to strike a firearm enhancement under section 12022.53, subdivision (d), and impose a lesser, uncharged firearm enhancement in its place.

The parties filed supplemental briefs.  Defendant argues that because the record in this case shows the trial court was unaware at the time of sentencing that it could strike the section 12022.53, subdivision (d), enhancement and impose a lesser included

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

enhancement, we must remand the matter to allow the trial court to exercise that discretion. The People concede that remand is appropriate. We concur. We remand the matter to the trial court with directions.

## FACTUAL AND PROCEDURAL HISTORY[2]

### A. SUMMARY OF FACTS AND CONVICTION

On May 26, 2016, defendant was at Salvador Meza's house. Defendant, Meza and the victim were in Meza's bedroom. Defendant and the victim showed each other their guns. Meza left the bedroom. A few minutes later Meza heard gunshots and found the victim in the front yard shot in the stomach. Meza observed defendant leave on his motorcycle. The victim died at the hospital as a result of multiple gunshot wounds.

Defendant was found guilty of one count of second degree murder (§ 187). The jury also found true the special allegation that defendant personally used a firearm causing great bodily injury or death within the meaning of section 12022.53, subdivision (d).[3] Defendant was sentenced to 40 years to life.

### B. SENTENCING PROCEEDINGS

Sentencing took place on December 5, 2018. Defendant filed a request that the trial court strike the firearm enhancement pursuant to section 12022.53, subdivision (h), which allows for the trial court to strike the enhancement within its discretion, on the

---

[2] The factual and procedural history in subsections A and B are from the Opinion.

[3] Section 12022.53 was amended effective January 1, 2022. (Stats. 2021, ch. 626 (A.B. 1171), eff. Jan. 1, 2022.) None of the changes impact the issues in this case. We refer to the current version of section 12022.53 when referenced.

basis he was 18 years old at the time of the crime, his immaturity, and lack of an extensive record. He did not ask that a lesser enhancement be imposed. The People contended that the trial court should not elect to strike the firearm enhancement pursuant to section 12022.53, subdivision (h), and provided several aggravating factors.

The trial court stated at the sentencing hearing that it had met with the parties in chambers because the case was "troubling and difficult." The trial court was troubled it only had two options for sentencing, which was to impose the firearm enhancement or strike it. The trial chose not to strike the enhancement noting defendant's easy access to guns, the severity of the crime, and since the victim was shot multiple times.

C.     APPELLATE PROCEEDINGS

On appeal, defendant argued the trial court did not understand at the time of sentencing that it could strike the section 12022.53, subdivision (d), enhancement and impose a lesser enhancement pursuant to section 12022.53, subdivision (b) or (c). At the time of the appeal there was a split among the Courts of Appeal on the question of a trial court's authority to strike a greater section 12022.53 enhancement and instead impose a lesser, uncharged section 12022.53 enhancement. In *People v. Morrison* (2019) 34 Cal.App.5th 217, 222-225, the court found that the trial court has discretion to impose a lesser enhancement if it chooses to strike the section 12022.53, subdivision (d), enhancement. However, this court found in *People v. Yanez* (2020) 44 Cal.App.5th 452, (cause transferred from the California Supreme Court on April 20, 2022, and not citable, S260819); and *People v. Valles* (2020) 49 Cal.App.5th 156, (cause transferred from the California Supreme Court on May 18, 2022, and not citable), S262757, that the trial court

4

only had the discretion to strike or impose the enhancement. Since this court decided *Yanez* and *Valles*, we found the trial court properly determined that it could only impose or strike the section 12022.53, subdivision (d), enhancement.

## DISCUSSION

Section 12022.53 provides three different sentence enhancements for the personal use of a firearm in the commission of enumerated offenses: a 10-year enhancement for the personal use of a firearm (§ 12022.53, subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h).)

On January 20, 2022, after the Opinion was filed in this case, our Supreme Court issued its opinion in *Tirado*, *supra*, 12 Cal.5th 688. It found that subdivision (j) of section 12022.53 authorizes courts to impose a lesser firearm enhancement after the court has exercised its discretion to strike a greater firearm enhancement under section 12022.53, subdivision (h), provided the facts required to prove the lesser enhancement were alleged and found true by the trier of fact. (*Tirado*, at pp. 699-701.) Section 12022.53, subdivision (j), provides, "For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the

5

accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact. When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment." The *Tirado* court found, "When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Id.* at p. 700, fn. omitted.)

Here, the facts necessary to support a lesser enhancement under subdivisions (b) and (c) of section 12022.53 were found true by the jury. The jury found both that defendant personally used the firearm and discharged the firearm. (*Tirado*, *supra*, 12 Cal.5th at p. 700.)

As stated in the Opinion, at the time of sentencing the trial court was unaware of its discretion to strike the section 12022.53, subdivision (d), enhancement and impose a lesser included enhancement. Additionally, it was troubled by the fact that it had only two options for sentencing on the firearm enhancement. " '[W]hen the record shows that the trial court proceeded with sentencing on the . . . assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing." (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) Accordingly, we will order remand of the matter to the trial court

6

for it to conduct another sentencing hearing at which it shall exercise its discretion as to whether to strike the section 12022.53, subdivision (d), enhancement and instead impose a lesser enhancement, as authorized by *Tirado*. The trial court is to apply all newly enacted sentencing laws on remand that are applicable.

## DISPOSITION

Defendant's sentence is ordered vacated. The matter is remanded for a full resentencing, with directions to the trial court to consider striking or dismissing defendant's section 12022.53, subdivision (d), firearm enhancement and imposing a lesser firearm enhancement. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

7