Filed 11/10/22  P. v. Arenas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D079663 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS303353) |
| JEREMY ARENAS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed in part, reversed in part and remanded for resentencing.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and James H. Flaherty III, Deputy Attorneys General.

Defendant Jeremy Arenas grabbed a bag of chips from an ice cream vendor's pushcart and, when asked to pay, punched the vendor in the face. As the vendor fled the scene, Arenas threatened to kill him with an assault rifle. Based on these events, he was charged and convicted of robbery and making a criminal threat. (Pen. Code[1], §§ 211, 422, subd. (a).) He was also convicted of attempting to dissuade a witness from testifying (§ 136.1, subd. (a)(2)) based on remarks made to the vendor as he testified at the preliminary hearing. Initially sentenced to a 22-year, 4-month prison term, Arenas was resentenced to a 16-year, 4-month term following a prior appeal.

On appeal, Arenas again seeks resentencing, arguing he is entitled to the retroactive benefit of two legislative amendments to the Determinate Sentencing Law (DSL). The People concede retroactivity but contend remand is unnecessary on our record. To the contrary, we agree with Arenas that amendments to the DSL introduced in Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.3) compel resentencing. Arenas is presumptively entitled to lower term sentencing under section 1170, subdivision (b)(6)(A) based on childhood physical and psychological trauma contributing to his crimes. Because there is no indication the trial court would have imposed the same sentence under the new scheme, remand for a full resentencing hearing is necessary. In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts were discussed in the prior unpublished appeal, *People v. Arenas* (Apr. 24, 2020, D075840) (*Arenas I*), and need not be repeated in detail. Arenas was convicted of robbery as charged in count 1 based on evidence that he grabbed a bag of chips from a pushcart vendor and

---

1        Further undesignated statutory references are to the Penal Code.

2

then used force to prevent him from retrieving it.  He was convicted of making a criminal threat as charged in count 2 based on evidence that he thereafter threatened to obtain an assault rifle and kill the vendor as the vendor was fleeing from the scene.  Based on evidence that he made threatening remarks while the vendor testified at the preliminary hearing, the jury convicted Arenas of attempting to dissuade a witness, as charged in count 3.

At the original sentencing hearing in April 2019, Judge Stephanie Sontag granted Arenas's motion to strike two of his three prior strike convictions based on the nature of the offenses, highlighting recent "changes in the philosophy of punishment."  (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530.)  The court imposed an upper term of 5 years on the robbery count (§ 213, subd. (a)(2)).  Explaining that choice, the court noted that the criminal threat sentence in count 2 imposed was to be served concurrently, so Arenas was not serving additional time for throwing a rock and threatening to get a gun and shoot the victim, conduct that aggravated events beyond the initial robbery.  The sentence on count 1 was doubled on account of the prior strike.  (§ 667, subd. (e)(1).)

On count 2, the court selected the two-year middle term (§ 1170, subd. (h)) for the criminal threat, doubled to four years for the strike.  It ran that sentence concurrently to the 10-year sentence in count 1, reasoning that the conduct occurred at the same time and place as the robbery and formed part of the same incident.  Running count 3 consecutively (one-third the middle term pursuant to section 1170.1, subd. (a)), the court imposed an additional 8-month prison term, which it doubled for the strike.  Two additional five-year terms for "nickel" priors (prior serious felony enhancements under section 667, subd. (a)), a one-year term for a prison prior, and a stayed term

3

on a second prison prior (former section 667.5, subd. (b)) cumulatively brought the total commitment to 22 years, 4 months.

In *Arenas I*, this Court concluded that under Senate Bill 136 (Stats. 2019, ch. 590, § 1), Arenas was no longer eligible for a one-year prison prior under amended section 667.5, subdivision (b). We remanded for a full resentencing hearing for the court to strike that prison prior and resentence Arenas. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).)

At the resentencing hearing before Judge Moring on September 15, 2021, defense counsel urged the court to exercise its discretion to strike one of the two nickel priors under *Romero, supra,* 13 Cal.4th at pages 529 to 530. Counsel submitted mitigating evidence that Arenas endured physical and psychological abuse as a child, which led him to rebel and become involved with crime at an early age. It was this trauma, in counsel's view, that led Arenas to escalate a dispute over a bag of chips to an extreme level. According to counsel, Arenas had completed anger management courses in custody and begun his path to recovery. The People opposed the *Romero* motion, arguing that Arenas was a repeat offender for whom both prior serious felony enhancements were properly applied.

The court reimposed the same sentences on counts 1, 2, and 3. It granted the *Romero* motion as to one nickel prior but not both, deeming a 16-year, 4-month sentence appropriate based on Arenas's criminal history and the conduct at issue.

## DISCUSSION

Arenas challenges the upper term imposed on count 1, arguing he is entitled to the retroactive application of two ameliorative sentencing laws that went into effect on January 1, 2022, four months after his resentencing. As to the upper term imposed on count 1, he points to Senate Bill No. 567

(Stats. 2021, ch. 731, § 1.3), which generally makes the *middle term* presumptive unless aggravating circumstances "justify" imposing a higher term and have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury. (§ 1170, subd. (b)(1)−(3).) Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.3) amended the DSL by making the *lower term* presumptive in certain circumstances, including where a defendant "has experienced psychological, physical, or childhood trauma" and that trauma "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6)(A); see Cal. Rules of Court, rule 4.420(e)(1).) Where the presumption applies, the court must apply the lower term unless it "finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

The People appropriately concede that these amendments to the DSL apply retroactively to Arenas under *In re Estrada* (1965) 63 Cal.2d 740 at page 745. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 464–465 [Senate Bill No. 567]; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095 (*Gerson*) [Assembly Bill No. 124].) Nevertheless, they suggest remand for resentencing is unnecessary on our record because the trial court would have imposed the same sentence even under the amended DSL. We disagree, focusing for simplicity's sake solely on Assembly Bill No. 124.

Based on mitigating evidence presented at both prior sentencing hearings, Arenas is eligible for presumptive lower term sentences on counts 1, 2, and 3 under section 1170, amended subdivision (b)(6)(A). The statement in mitigation presented at the original sentencing and attached to his *Romero* motion on resentencing explained that Arenas's father was "extremely abusive" and his mother "passive"; he suffered memory lapses possibly

"related to the many times he was hit on the head and [lost] consciousness." As Arenas told the psychological evaluator, his trauma left him searching for an identity. He gravitated toward a rebellious crowd and was disciplined for acting out and fighting in school. By middle school, he was a ward of the state and grew up in custodial settings. In custody, he learned "how to fight and how to take a beating." He suffered numerous broken bones and was stabbed on more than one occasion. These experiences strengthened "his view of the world as a dangerous place."

The evaluator remarked that during his interview, Arenas seemed "alert when others were in proximity, even though the surroundings were safe." In his view, Arenas's past trauma contributed to each of his current convictions:

> "Because of his history, Mr. Arenas likely experiences significant anxiety in situations where he perceives that his wellbeing could be threatened (Trauma-Related Disorder). In these situations he will react defensively and often times inappropriately. With his instant offense he saw the alleged victim as the perpetrator and felt a need to protect himself and those who were with him. His verbal statements made in the courtroom were influenced by his belief that he was being attacked with lies that could result in a life sentence."

Contrary to the People's argument, there is no indication, much less a clear one, that the trial court would have imposed the same sentence had Assembly Bill No. 124 been in effect at the time of sentencing. (*Gerson, supra,* 80 Cal.App.5th at p. 1096.) The record indeed contained the statement in mitigation describing childhood trauma. Judge Sontag acknowledged this trauma in striking two of his prior strikes. And Judge Moring struck a nickel prior based on Arenas's criminal history and his view of what would constitute an appropriate sentence. The People suggest that

6

no more leniency would have been shown where the sentencing courts considered his history but nonetheless selected an upper term on count 1 and middle terms on counts 2 and 3.

But as Arenas points out, before recent amendments to the DSL, the court had no reason to make—and Arenas had no reason to seek—a finding that his past psychological or physical trauma was a contributing factor to any of his offenses (as the uncontroverted evidence appears to show). There was no statutory basis to apply a presumptive lower term based on such a finding. (*Gerson, supra,* 80 Cal.App.5th at p. 1096.) If anything, the fact that both sentencing courts demonstrated lenity in other respects suggests that remanding for resentencing under the amended DSL would not be an idle act. (See *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) Accordingly, we vacate Arenas's sentence and again remand the matter for a full resentencing hearing. (See *Buycks, supra,* 5 Cal.5th at p. 893.) At that hearing, the court must also apply any other recent legislative changes now in effect, including amendments to the DSL introduced in Senate Bill No. 567. (See § 1170, subd. (b)(1)−(3).)[2]

---

[2] Arenas seeks correction of two clerical errors in the second amended abstract of judgment. In addition, he seeks a recalculation of his custody credits if resentencing is ordered. The People do not oppose these requests. Because we remand this case for resentencing and direct that a new abstract of judgment be prepared, these requests (along with correctly listing Arenas's date of birth) can be directed to the trial court in the first instance.

## DISPOSITION

This matter is remanded for resentencing consistent with Penal Code section 1170, subdivision (b) as amended.  Following resentencing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


DATO, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.