Filed 10/25/22 P. v. Ortegagileta CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B315468 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA152244 |
| HERNAN ORTEGAGILETA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge. Reversed and remanded with directions.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Hernan Ortegagileta (Ortega)[1] of one count of sexual penetration of a child under 10 years old and six counts of committing a lewd act on a child under 14 years old. The trial court sentenced Ortega to 68 years to life in prison. On appeal, Ortega contends: (1) his lewd act conviction in Count 7 is time-barred; (2) the court erred in failing to instruct the jury on attempted sexual penetration as a lesser included offense in Count 1; and (3) the court failed to exercise its sentencing discretion with respect to his lewd act convictions in Counts 2 through 6.

The People agree, and so do we, that Count 7 is time-barred and that the court failed to exercise its sentencing discretion as to Counts 2 through 6. We also conclude the court prejudicially erred when it failed to instruct the jury on attempted sexual penetration as a lesser included offense in Count 1. We therefore reverse Ortega's convictions on Count 1 and 7, vacate his sentence, and remand the matter for further proceedings.

# FACTUAL BACKGROUND

## 1. Prosecution Evidence

### 1.1. I. (Count 7)

I., who was born on August 12, 1986, is Ortega's daughter. Ortega sexually abused I. when she was eight or nine years old.

One morning when I.'s mother was at work, Ortega went into the bedroom I. shared with her younger sister. When Ortega

---

[1] At trial, the parties and the court often used "Ortega" as defendant's last name.

approached I.'s sister, I. said, "don't touch her. Just do it to me." Ortega then picked up I. and carried her to a bed. Ortega put his hand under I.'s shirt and pants, and he touched her vagina. Ortega told I. not to tell anyone what he did because no one would believe her.

### 1.2.  K.H. (Counts 4 through 6)

K.H., who was born in April 2011, is I.'s niece and Ortega's granddaughter. Ortega sexually abused K.H. on several occasions.

Once, when K.H. was around eight years old, she was lying on a bed and watching YouTube. Ortega sat next to K.H., put his hand inside her pants, and touched her vagina over her underwear. On another occasion, K.H. was watching videos on the couch. Ortega sat next to K.H., put his hand inside her pants, and rubbed her vagina. On a third occasion, Ortega took K.H. to his room and touched her vagina over her clothes. Ortega also made K.H. touch his penis more than once.

### 1.3.  E.J. (Counts 1 through 3)

E.J., who was born in November 2001, is the great niece of one of Ortega's ex-girlfriends. When E.J. was between the ages of five and eight years old, she would stay at her great aunt's house while her mother worked. During that time, Ortega sexually abused E.J. on at least three occasions.

Ortega often waited for E.J.'s great aunt to leave him and the child alone in the living room. He would then sit next to E.J. and squeeze her vagina. Other times, Ortega would put E.J. on his lap and touch her vagina. On at least one occasion, Ortega tried to put his fingers inside E.J.'s vagina, but E.J. moved because it "hurt a lot."

### 1.4. Expert Testimony

Patricia Goclowski, a forensic interview specialist and a sexual assault nurse, interviewed K.H. in June 2021 and testified at trial as a child sexual abuse expert. Goclowski's interview with K.H. was played for the jury.

According to Goclowski, sexual abuse is typically committed by someone the child knows. Children often delay reporting sexual abuse, especially when they know their abusers, because they believe they will get in trouble if they tell someone about the abuse. It is also common for young female victims to experience pain if an adult male puts his penis or finger inside the child's vagina, including touching the child's hymen.

## 2. Defense Evidence

According to an officer who interviewed E.J. in 2013, the child reported that Ortega abused her between 40 to 50 times. E.J. told the officer that Ortega never penetrated her vagina. In 2014, E.J. went over her statements from the 2013 interview with different officers. E.J. confirmed that her statements from the 2013 interview were accurate, and she didn't report any additional abuse by Ortega.

Three female acquaintances testified that Ortega never acted inappropriately around children and that they didn't believe he would engage in the type of conduct he was accused of committing against I., K.H., and E.J.

## PROCEDURAL BACKGROUND

The People charged Ortega with one count of sexual penetration of a child under 10 years old (Pen. Code,[2] § 288.7, subd. (b); Count 1) and six counts of lewd acts on a child under 14 years old (§ 288, subd. (a); Counts 2 through 7). As to Counts 2 through 6, the People alleged Ortega committed the crimes against multiple victims (§ 667.61, subds. (b) & (e)).

A jury convicted Ortega of all counts and found true that he committed the crimes alleged in Counts 2 through 6 against multiple victims. The court sentenced Ortega to 68 years to life in prison.

Ortega appeals.

## DISCUSSION

### 1.    Count 7 is time-barred.

Ortega contends, and the People agree, that his conviction in Count 7 for committing a lewd act on I. is time-barred. As we explain, Count 7 is time-barred under any of the possible dates when Ortega committed a lewd act on I.

The prosecution for an offense is commenced when, among things, a defendant is arraigned on a felony complaint or when an information is filed. (§ 804, subds. (a) & (c).) If the prosecution is not commenced within the applicable limitations period, the defendant's conviction is time-barred and must be reversed. (*People v. Simmons* (2012) 210 Cal.App.4th 778, 791, 799 (*Simmons*).)

---

[2] All undesignated statutory references are to the Penal Code.

Generally, the Legislature may extend an unexpired limitations period for an offense without violating ex post facto principles. (*Stogner v. California* (2003) 539 U.S. 607, 617–618.) Once the limitations period for an offense has expired, however, the Legislature may not revive it. (*Ibid*.)

Because the timely prosecution of an offense is jurisdictional, a defendant may assert a statute of limitations defense at any time, including for the first time on appeal. (*People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1048.) Where, as here, the facts are undisputed, we independently determine whether the defendant's prosecution was timely. (*People v. Joseph* (2021) 63 Cal.App.5th 1058.)

In Count 7, Ortega was charged with committing lewd acts on I. when she was under 14 years old, in violation of section 288, subdivision (a). After the close of evidence, the People amended the information to allege the offense occurred between August 12, 1993 and August 12, 1995. At trial, I. testified that Ortega's abuse occurred when she was eight or nine years old, meaning the latest Ortega could have violated section 288, subdivision (a) with respect to I. was August 11, 1996. Ortega was arraigned on the felony complaint on June 22, 2020, and the People filed the information on February 2, 2021.

Before 2001, the limitations period for a violation of section 288, subdivision (a) was six years after the offense was committed. (*People v. Ortega* (2013) 218 Cal.App.4th 1418, 1428.) On January 1, 2001, the Legislature enacted an "alternative limitations period" for specified sex crimes, including committing a lewd act on a child, extending the limitations period for those offenses to 10 years from the date an offense was committed, so

6

long as the six-year limitations period had not expired as of the time the legislation went into effect. (*Id*. at pp. 1428–1429.)

Using the earliest date on which the amended information alleged Ortega committed a lewd act on I.—i.e., August 12, 1993—the original six-year statute of limitations for a violation of section 288, subdivision (a) expired before the Legislature extended the limitations period to 10 years. (See *Simmons*, *supra*, 210 Cal.App.4th at p. 789 [where the People prove a crime was committed during a period of time without proving precisely when, the statute of limitations is presumed to begin running on the earliest possible date the crime could have been committed].) But if we were to apply either the latest date alleged in the amended information—August 12, 1995—or the latest date supported by the evidence—August 11, 1996—as the date the offense charged in Count 7 was committed, the original six-year statute of limitations for a violation of section 288, subdivision (a) had not expired by the time the Legislature extended the limitations period for that offense to 10 years.

Effective January 1, 2006, the Legislature extended the limitations period for violations of section 288, subdivision (a) a second time, allowing the prosecution for such an offense to "be commenced any time prior to the victim's 28th birthday." (Former § 801.1; Stats. 2005, ch. 479, § 2.)

Under the latest date alleged in the amended information for Count 7—i.e., Ortega committed a lewd act on I. on August 12, 1995—more than 10 years had passed by the time the Legislature extended the limitations period to any time before I.'s 28th birthday. Thus, under either date alleged in the information, Ortega's prosecution for Count 7 was time-barred. But if we were to apply the latest date supported by the

7

evidence—i.e., August 11, 1996 (the day before I. turned 10 years old)—the 10-year limitations period for a violation of section 288, subdivision (a) would not have expired before the Legislature extended it to any time before I.'s 28th birthday.

On January 1, 2015, the Legislature again extended the limitations period for a violation of section 288, subdivision (a), allowing the prosecution for a commission of that offense to "be commenced any time prior to the victim's 40th birthday." (§ 801.1.)

I. turned 28 years old on August 12, 2014, or before the Legislature extended the statute of limitations for a violation of section 288, subdivision (a) to any time before the victim's 40th birthday. Ortega was not arraigned on the felony complaint, however, until June 22, 2020, and the People did not file the information until February 2, 2021. Thus, applying any of the dates, or range of dates, on which Ortega could have committed the lewd act on I. as charged in Count 7, the statute of limitations for a violation of section 288, subdivision (a) expired before Ortega's prosecution for that offense commenced. Consequently, Ortega's conviction in Count 7 is time-barred and must be reversed. (See *Simmons, supra,* 210 Cal.App.4th at pp. 791, 799.)[3]

---

[3] Because we conclude Ortega's conviction in Count 7 is time-barred and his sentence for that conviction must be vacated, we need not address Ortega's contention that the matter must be remanded to allow the court to resentence him on Count 7 under newly-enacted Senate Bill No. 567.

**2.     The court prejudicially erred when it did not instruct the jury on attempted sexual penetration as a lesser included offense in Count 1.**

Ortega next contends the court prejudicially erred because it failed to instruct the jury on attempted sexual penetration as a lesser included offense in Count 1, Ortega's alleged sexual penetration of E.J. The People concede that attempted sexual penetration is a lesser included offense of sexual penetration as charged in this case. (See *People v. Ngo* (2014) 225 Cal.App.4th 126, 157 (*Ngo*) [because sexual penetration is a specific intent crime, attempted sexual penetration typically is a lesser included offense of the completed offense under the "elements test"].) But they argue there was insufficient evidence to support an instruction on attempted sexual penetration, and, regardless, any error in failing to give the instruction was harmless. As we explain, the court should have instructed the jury on attempted sexual penetration, and its failure to do so was prejudicial.

A trial court has a sua sponte duty to instruct on a lesser included offense if there is substantial evidence—i.e., evidence that a reasonable jury could find persuasive—that would absolve the defendant of guilt on the greater, but not the lesser, offense. (*People v. Cole* (2004) 33 Cal.4th 1158, 1218.) This duty exists even if the defendant does not request an instruction on the lesser included offense. (*People v. Breverman* (1998) 19 Cal.4th 142, 153 (*Breverman*).) We independently determine whether a court should have instructed on a lesser included offense. (*Cole*, at p. 1218.)

Here, there was substantial evidence to support an instruction on attempted sexual penetration as a lesser included offense of sexual penetration as charged in Count 1. When E.J.

9

was interviewed by the police in 2013, she reported that Ortega never penetrated her vagina. About a year later, E.J. confirmed the accuracy of her statements from the 2013 interview. At trial, E.J. testified that it "hurt a lot" when Ortega would touch and squeeze her vagina. When asked whether Ortega put his finger inside her vagina, however, E.J. replied that he "tried" to "put his fingers in [her]" and that he would "try to, like, go in with his fingers," but she would move away from him. Although E.J. replied "yes" when the prosecutor asked her whether she remembered talking to the police about "what [she] told [the jury] about [Ortega] putting his finger inside of [her] vagina," that response, in light of E.J.'s other testimony and prior statements to the police, did not conclusively establish that Ortega penetrated her vagina during the incident giving rise to Count 1. Contrary to the prosecutor's phrasing of the question, E.J. never told the jury that Ortega penetrated her vagina. Based on E.J.'s testimony and her statements to the police, a reasonable jury could have found that Ortega attempted but failed to penetrate E.J.'s vagina because E.J. thwarted his efforts. (See *Ngo*, *supra*, 225 Cal.App.4th at p. 157 [evidence consistent with a finding that the defendant tried but failed to penetrate the victim's vagina supported an instruction on attempted sexual penetration as a lesser included offense of the completed crime].)

The People argue any error in failing to instruct on attempted sexual penetration was a violation of state law and harmless under the *Watson*[4] standard of prejudice. Ortega urges us to apply the *Chapman*[5] standard of prejudice, arguing the

---

[4] *People v. Watson* (1956) 46 Cal.2d 818, 836.

[5] *Chapman v. California* (1967) 386 U.S. 18.

10

court's failure to instruct on attempted sexual penetration as a lesser included offense in Count 1 violated his federal due process rights.

As our Supreme Court held in *Breverman*, "the failure to instruct sua sponte on a lesser included offense in a noncapital case is, at most, an error of California law alone, and is thus subject only to state standards of reversibility." (*Breverman, supra*, 19 Cal.4th at p. 165.) Accordingly, we won't reverse a conviction for failure to instruct on a lesser included offense "unless an examination of the entire record establishes a reasonable probability that the error affected the outcome." (*Ibid*.; see also *Ngo, supra*, 225 Cal.App.4th at p. 158 [failure to instruct on attempted sexual penetration as a lesser included offense of the completed crime is subject to harmless error analysis under *Watson*].) As we explain, the court's failure to instruct on attempted sexual penetration as a lesser included offense in Count 1 was prejudicial.

As a threshold matter, nothing in the jury's verdict or the court's instructions shows the jury necessarily found Ortega committed the completed crime of sexual penetration while rejecting the lesser offense of attempted sexual penetration. That is, the jury was instructed only on the completed crime of sexual penetration and the verdict forms asked only that the jury find whether Ortega was guilty or not guilty of that offense. Thus, the instructions and verdict forms offered the jury the "all or nothing choice" of convicting Ortega of the completed offense or no offense at all. (*Breverman, supra*, 19 Cal.4th at p. 158 [a court's failure to instruct on a lesser included offense that is supported by the evidence impairs " 'the jury's truth-ascertainment function' by

11

forcing the jury 'to make an "all or nothing" choice between conviction of the crime charged or complete acquittal' "].)

Nor was there overwhelming evidence that Ortega penetrated E.J.'s vagina such that the court's failure to instruct on attempted sexual penetration was harmless. To be sure, a jury could find Ortega committed the completed offense. As the jury was instructed, the slightest penetration is sufficient to support a conviction under section 288.7. (See § 289, subd. (k)(1) [sexual penetration "is the act of causing the penetration, however slight, of the genital or anal opening" for the purpose of sexual arousal, gratification, or abuse by any foreign object].) Accordingly, a jury relying on the sexual assault nurse's testimony that a young female child will experience pain if an adult penetrates her vagina and E.J.'s testimony that it "hurt a lot" when Ortega tried to penetrate her vagina reasonably could find Ortega completed the offense of sexual penetration.

But, as we explained above, E.J. did not unequivocally testify that Ortega penetrated her vagina. Instead, E.J. told the police that Ortega never penetrated her vagina, and she testified at trial that he "tried" to insert his finger inside her vagina before she moved away from him. Thus, it would also be reasonable for a jury to find that, although Ortega caused E.J. pain when he "squeezed" her vagina, he never penetrated it.

In short, we conclude it is reasonably probable that the jury would have reached a different verdict had it been instructed on attempted sexual penetration as a lesser included offense of sexual penetration. We therefore reverse Ortega's conviction on Count 1. On remand, the People shall have the option of retrying Ortega on Count 1 or accepting a reduction of that conviction to

12

attempted sexual penetration. (*Ngo, supra*, 225 Cal.App.4th at p. 161; see also § 1260.)

### 3.     The court had discretion to impose concurrent sentences for Counts 2, 4, and 6.

Ortega next contends, and the People agree, that the court erred when it imposed consecutive sentences for Counts 2, 4, and 6, three of Ortega's convictions for committing lewd acts against E.J. and K.H. Because the record shows the court wasn't aware it had discretion to impose concurrent sentences for each of those counts, Ortega's claim of error is well-taken.

For Counts 2 through 6, the jury found Ortega committed lewd acts against more than one victim (§ 667.61, subds. (b) & (e)(4)). At the sentencing hearing, defense counsel asked the court to run Ortega's sentences for Counts 2 through 6 concurrent to each other due to Ortega's "age" and "lack of prior criminal history." The People asked the court to "use its discretion to run at least [three] of the counts consecutive[ly]" because Ortega committed the offenses against multiple victims.

As to Count 1 (sexual penetration of E.J.), the court imposed a term of 15 years to life in prison (§ 288.7, subd. (b)).

Before imposing sentence on Counts 2 through 6, the court noted: "Penal Code [section] 667.61[, subdivision] (i) does indicate that the sentence shall be consecutive if there are separate victims or shall be consecutive if there were separate occasions with the same victim."

As to Count 2 (lewd act against E.J.), the court imposed a term of 15 years to life in prison to run consecutively to the term for Count 1, explaining that even though Count 2 involved the same victim as Count 1, it occurred on a different occasion. For

13

Count 3 (lewd act against E.J.), the court imposed a concurrent term of 15 years to life in prison.

As to Count 4 (lewd act against K.H.), the court imposed a consecutive term of 15 years to life in prison, reasoning a consecutive term was "mandatory" because the offense was committed against a different victim from Counts 1 through 3. For Count 5 (lewd act against K.H.), the court imposed a concurrent 15 years-to-life term because "it really wasn't clear that it was really a separate incident or separate occurrence, and it's the same victim in count 4." The court imposed a consecutive term of 15 years to life for Count 6 (lewd act against K.H.) because it occurred on a separate occasion from Counts 4 and 5.

As to Count 7 (lewd act against I.), the court imposed a consecutive 8-year term.

Generally, a trial court has discretion to impose consecutive or concurrent sentences when the defendant has been convicted of two or more offenses. (§ 669, subd. (a).)

Under section 667.61, subdivision (i), however, the court "shall impose a consecutive sentence for each offense that results in a conviction under [the statute] if the crimes involve separate victims or involve the same victim on separate occasions … ." Section 667.61, subdivision (i) applies to any offense listed in subdivisions (c)(1) through (c)(7) or subdivisions (n)(1) through (n)(6) of the same statute. (§ 667.61, subd. (i).)

Although a violation of section 288, subdivision (b) falls within the scope of section 667.61, subdivision (i) (see § 667.61, subd. (c)(4)), a violation of section 288, subdivision (a) does not fall within the scope of that provision (see § 667.61, subds. (c)(1)–(7) & (n)(1)–(6)). Nor does any other statute require mandatory consecutive sentences for violations of section 288, subdivision (a)

that are committed against separate victims or against the same victim on separate occasions. (See *People v. Zaldana* (2019) 43 Cal.App.5th 527, 536 (*Zaldana*) [for violations of section 288, subdivision (a) against different victims or the same victim on different occasions, the court retains discretion to impose concurrent or consecutive terms].)

Here, the court erroneously believed it lacked discretion to impose concurrent sentences for Counts 2, 4, and 6. As we noted above, the court stated that section 667.61, subdivision (i) required imposition of consecutive terms for Counts 2 through 6 "if there [were] separate victims or … if there were separate occasions with the same victim." Later, when imposing sentence for Count 4, the court noted that a consecutive term was "mandatory" because the offense was committed against a different victim from Counts 2 and 3. And, for Count 6, the court explained that it imposed a consecutive term because, while the offense involved the same victim as Counts 4 and 5, it occurred on a separate occasion.

As we just explained, however, section 288, subdivision (a) is not subject to section 667.61, subdivision (i)'s mandatory consecutive sentencing for specified offenses that a defendant commits against multiple victims or against the same victim on different occasions. (See § 667.61, subd. (i) [a violation of section 288, subdivision (a) is not listed as a qualifying offense for mandatory consecutive sentencing].) Thus, the court had discretion to impose concurrent or consecutive sentences for each of Ortega's violations of section 288, subdivision (a) in Counts 2 through 6. (*Zaldana, supra*, 43 Cal.App.5th at p. 536.)

A court abuses its discretion where, as here, it "misunderstood the scope of its discretion to impose concurrent

sentences for defendant's current convictions, and erroneously believed consecutive sentences were mandatory." (*People v. Deloza* (1998) 18 Cal.4th 585, 599.) Because nothing in the record indicates the court wouldn't have exercised its discretion to impose concurrent sentences for Counts 2, 4, and 6 had it understood it had discretion to do so, we must remand the matter to allow the court to exercise its discretion to impose concurrent or consecutive sentences. (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 428.) We express no opinion on how the court should exercise that discretion on remand.

## DISPOSITION

We reverse Ortega's convictions in Counts 1 and 7, vacate his entire sentence, and remand the matter for further proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16