Filed 3/21/23  P. v. Lopez CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH KENNETH LOPEZ, JR.,<br><br>    Defendant and Appellant. | A164096<br><br>(Sonoma County Super. Ct. SCR5387451) |

## MEMORANDUM OPINION[1]

### I.

Appellant was convicted by a jury of second degree murder, active participation in a criminal street gang, and unlawful possession of a semiautomatic firearm.  The jury rendered true findings for firearms enhancements under Penal Code[2] section 12022.53, subdivisions (b), (c), and (d), in connection with the murder conviction.  The trial court imposed an aggregate sentence of a few months short of 44-years-to-life, composed of a 15-years-to-life term for the count 1 murder conviction; plus a consecutive 25-years-to-life term for the section 12022.53, subdivision (d) firearm enhancement; plus a consecutive determinate three-year upper term for the count 2 participation in a criminal street gang conviction; plus a consecutive

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] Undesignated statutory references are to the Penal Code.

determinate eight-month term for the count 3 unlawful possession of a semiautomatic firearm conviction. It stayed sentence on the other enhancements.

In a prior appeal, we affirmed the convictions but remanded for resentencing in light of the intervening enactment of Senate Bill No. 620 (2017–2018 Reg. Sess.) "to consider whether to strike some or all of the firearm enhancements imposed under section 12022.53." (*People v. Lopez* (Dec. 12, 2018, A129664) [nonpub. opn.] [2018 Cal.App.Unpub.LEXIS 8400].) Rather than restate the factual and procedural background, we will assume familiarity with our prior opinion. In the resentencing proceeding on remand, the trial court declined to strike any of the enhancements. In this appeal, appellant argues that we should remand again because, even though the court refused to strike any of the enhancements, its silence on his alternative request for reduction of the enhancements indicates it was unaware it had the discretion to order such reductions. We are unpersuaded and will affirm.

## II.

At the resentencing on remand, the trial court denied all relief. The court explained it was "wholly unpersuaded that the factors argued by the defense constitute[d] a basis . . . to exercise its discretion when considered against the overwhelming backdrop of factors to the contrary." "The characterization of [appellant's] conduct as mitigated and due to circumstances beyond his control [was] belied by the tonnage of information indicating otherwise." "The conclusory leap made by the defense in the pleadings that . . . 'if Joseph had been a little older and his brain had been more mature, this incident would never have happened,' [was] pure speculation, completely without foundation, and directly contradicted by everything else known about [appellant] and the night in question."

2

"Without getting into the individual details of the murder," which, the trial court noted, were "captured in the record on appeal, the facts of this underlying case [were] horrendous and ha[d] left a deep and tragic scar on the survivors of the incident and the community at large." The court took into consideration "[t]he cruel and callous nature of the murder, [appellant's] continuing lack of remorse[,] . . . his violent criminal history, and his ongoing failures at rehabilitation" such as "his continued use of alcohol, . . . and his involvement in the Northern Structure prison gang, and as recently as April of [2020] . . . , his participation in a riot and a fight with another inmate." In addition, the court noted, "the relevant rules of the court and the factors delineated therein, all . . . clearly demonstrate and indicate . . . that [appellant's] background, character, and prospects do not warrant the sought-after relief and striking the enhancements would not be in the interest of justice."

The trial court observed that "[s]ociety receives maximum protection when the penalty, treatment or disposition of the offender is tailored to the individual case and proportional to the offense." In appellant's case, "that protection [was] afforded by imposition of the firearm enhancements found true by the jury." Accordingly, the court denied the "invitation to strike" so that the "original sentence remain[ed] as imposed."

Finally, the trial court explained it was "aware of Senate Bill [No.] 81 [(Reg. Sess. 2021–2022)] and its amendment to Penal Code [s]ection 1385." "Due to the procedural posture of [appellant's] case and the language in [section] 1385(c)(7) that [the statute would] go into effect in January of 2022," the court was "of the opinion the changes to the law found in [section] 1385(c) [did] not and [would] not apply to this case." "That having been said, to the extent any court on review [would] examine[] this record for findings at this

3

hearing related to amended provisions of [section] 1385," the court made "the specific finding that for all the previously mentioned reasons for denying the request for relief . . . , dismissal of the enhancements would endanger public safety as defined under [section]1385."

**III.**

Even if the trial court was unaware of its discretion to reduce appellant's sentencing term, as appellant claims it was, remand is unnecessary if " 'the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have [reduced the] enhancement' even if it had the discretion." (*People v. Franks* (2019) 35 Cal.App.5th 883, 892, quoting *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) We find that to be the case here. Contrary to appellant's characterizations of the record, the trial court gave two clear indications that it would not reduce the enhancement terms. Specifically, the court (1) declined to strike any of the enhancements despite knowing the consequences of doing so; and (2) described its basis for doing so in terms that illustrated its belief that a 25-year-to-life term for the section 12022.53, subdivision (d) enhancement was the precisely appropriate term.

Appellant nonetheless insists "it is not entirely clear that the trial court was aware that it had any discretion other than making the binary choice of either entirely striking the firearm enhancements or instead entirely leaving them in place." According to appellant, "there was another option in the law," permitting a trial court to substitute a lesser-included section 12022.53 subdivision (b) or (c) firearm enhancement for a section 12022.53, subdivision (d) enhancement." But while appellant's focus on resentencing was striking of the enhancements in their entirely, he did request imposition of lesser enhancements as an alternative, citing *People v. Morrison* (2019) 34 Cal.App.5th 217, 220–223, the principal case he now relies upon.

4

At the time, there was a split of authority concerning whether trial courts have power to reduce sentencing enhancements under section 12022.53, with *Morrison* and other cases taking the view that there is such authority, on the one hand, and *People v. Tirado* (2019) 38 Cal.App.5th 637, 643, reversed (2022) 12 Cal.5th 688, and other cases taking the view that there is no such authority, on the other hand. Our Supreme Court has since clarified the point, holding in *Tirado*, *supra*, 12 Cal.5th 688, that the *Morrison* view is correct. But the fact the trial court here did not expressly rule on appellant's alternative request is of no moment. Nothing in the record indicates it decided to follow the now disapproved view of the Court of Appeal in *Tirado*, *supra*, 38 Cal.App.5th 637. From its silence, we presume the court was aware of its discretion and exercised it accordingly. On this record, another remand would be futile. It is abundantly clear from the court's comments that it was unimpressed by appellant's case for mitigation, and that, if specially called upon to rule on a request for reduction of the enhancements, it would deny such relief. (*People v. McVey* (2018) 24 Cal.App.5th 405, 419 ["In light of the trial court's express consideration of the factors in aggravation and mitigation, its pointed comments on the record, and its deliberate choice of the highest possible term for the firearm enhancement, . . . remand in these circumstances would serve no purpose but to squander scarce judicial resources."].)

## DISPOSITION

Affirmed.

STREETER, J.

WE CONCUR:

BROWN, Acting P. J.
GOLDMAN, J.

5