Filed 11/13/23  P. v. Landeros CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON DANIEL LANDEROS,<br><br>    Defendant and Appellant. | D080190<br><br><br>(Super. Ct. No. SCN395720) |

APPEAL from a judgment of the Superior Court of San Diego County, James E. Simmons, Jr., Judge.  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

After pleading guilty to felony charges related to driving under the influence, causing great bodily injury to several victims, the court sentenced Jason Landeros to 14 years in prison.  On appeal, Landeros contends the trial

court erred in failing to consider a lower term for his sentence, pursuant to amended Penal Code section 1170, subdivision (b). He also argues that the trial court erred when it concluded that Senate Bill No. 81 did not require the court to dismiss Landeros's strike prior. We conclude that the trial court did not err, and accordingly, we affirm.

I.

BACKGROUND AND PROCEDURAL FACTS

On January 18, 2019, while driving with a blood alcohol level of 0.11 percent, Landeros caused a head-on collision that resulted in serious injuries to four people, including a four-year-old child who is now permanently disabled as a result of the collision. This was not Landeros's first experience with drunk-driving consequences; on two prior occasions, he was convicted for driving under the influence of alcohol, including an offense in 2016 involving a collision and great bodily injury to the driver of the other vehicle. As a result of that conviction, he was sentenced to two years in prison. The 2019 collision is the subject of this appeal.

On June 12, 2019, the prosecution filed an amended complaint which charged Landeros with violating Vehicle Code section 23153, subdivision (a) [driving under the influence of alcohol causing injury], and subdivision (b) [driving with a measurable blood alcohol level of .08 percent or more causing injury]. For each count, the amended complaint added additional special allegations: Penal Code section 12022.7, subdivision (a) [personal infliction of great bodily injury for each of two victims]; and subdivision (d) [personal infliction of great bodily injury on a child under the age of five years old]; Penal Code section 1192.7, subdivision (c) [causing great bodily injury as to each of three victims]; Vehicle Code section 23566, subdivision (a) [two or more prior DUI convictions within the past 10 years]; and Vehicle Code

2

section 23558 [causing bodily injury to more than one victim]. The amended complaint also alleged a first prison prior [pursuant to Penal Code sections 667.5, subdivision (b) and 668]; a first serious felony prior ("nickel prior") [pursuant to Penal Code sections 667, subdivision (c)(1), 668, and 1192.7, subdivision (c)]; and a strike prior [pursuant to Penal Code sections 667, subdivisions (b)–(i), 1170.12, and 668],[1] all based upon the 2016 conviction.

Landeros pled guilty to the amended complaint. In the plea form, he admitted that on the date charged, "I unlawfully drove a vehicle under the influence of alcohol, while driving that vehicle I went over the double yellow line causing great bodily injury to 4 individuals which [included] one who was under the age of 5. Also [I have] two prior dui convictions within the last 10 years. [I admit] strike prior pursuant to [Penal Code section] 667(b)–(i) and a nickel prior pursuant to [Penal Code section] 667(a)(1)." He admitted his blood alcohol reading was 0.11 percent.

The probation report prepared for the sentencing hearing stated that Landeros was 26 years old at the time of sentencing. Based upon the date of birth in the report, Landeros committed the 2019 offense when he was 24 years old; he committed his previous DUI convictions when he was 19 and 21 years old. The probation officer recommended a sentence of 26 years in prison.

In his supplemental sentencing brief, Landeros submitted a psychological report from Dr. Judith Meyers which concluded that he had a diagnosis of Personality Disorder NOS and Alcohol Use Disorder. Landeros also submitted a letter addressed to the court and to the victims of the offense, in which he stated that he had been raised without a father in a

---

[1] All further statutory references shall be to the Penal Code (unless otherwise noted).

3

home "devoid of any love or nurture," who turned to drugs and alcohol at a young age.

At the sentencing hearing on January 26, 2022, in addition to hearing from Landeros, his counsel, and counsel for the People, the court heard the statements of a witness to the aftermath of the collision and from a person who was injured in the collision—the mother of the minor child. The victim noted her own ongoing pain from the collision. She emphasized that her daughter, who was four years old, no longer could do "anything a normal child should be able to do. She has brain damage from the accident. She can't speak properly. She can't read or write. She can't go play. She sees all these kids doing what normal kids do and she can't do any of that."

In conjunction with his sentencing briefs, Landeros made a *Romero* motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, arguing that the court should exercise its discretion to dismiss his strike prior and his nickel prior by finding that Landeros was outside the spirit of the Three Strikes law because of his youthfulness and alleged childhood trauma. The court denied the motion and declined to strike the strike prior, noting that Landeros was on parole for the strike prior at the time of his current offense and the strike prior was for a similar offense.

In imposing sentence, the court applied Vehicle Code section 23566 to determine the available base terms, chose the upper term of four years as a result of the stipulated circumstances in aggravation, doubled the base term pursuant to the strike prior, and then added a single six-year enhancement pursuant to Penal Code section 12022.7, subdivision (d). Pursuant to section 1385, subdivision (c)(2)(B), the court struck the other enhancements, concluding that it was required by law to strike all but a single enhancement.

4

Based upon these calculations, the trial court sentenced Landeros to 14 years in state prison.  Landeros timely appeals.

## II.

## DISCUSSION

Landeros first argues that the trial court erred when it failed to expressly analyze whether he might have been eligible for a lower term as a result of certain lower-term considerations enumerated in section 1170, subdivision (b)(6).  More specifically, he contends that "there is nothing in the record that indicates the trial court ever considered Mr. Landeros's youthful age at the time of the offense, [and further that] the sentencing court's only analysis of Mr. Landeros's trauma/mental illness impact on its sentencing discretion fell under the 'substantially contribute' standard of section 1385, subdivision (c) and not the 'contributing factor' standard of section 1170, subdivision (b)(6)."  He further argues that the strike prior constituted an enhancement that should have been dismissed pursuant to Senate Bill No. 81's amendment to section 1385.  After discussing the standard of review, we examine each of these contentions.

A.  *Standard of review*

On appellate review, appellant has the burden to clearly show an abuse of discretion, i.e., that the sentencing decision was irrational or arbitrary. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*).)  " 'To meet this burden, the defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." ' "  (*Ibid.*, citing *People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

B. *The court did not abuse its discretion in declining to sentence Landeros to the lower term*

In 2021, the Legislature approved Senate Bill No. 567, which amended section 1170, subdivision (b) by making the middle term the presumptive sentence; and Assembly Bill No. 124, which required the court to select the lower term if certain contributing factors are found. (See Stats. 2021, ch. 731, § 1.3 [adding § 1170, subd. (b)(1) & (2)]; and Stats. 2021, ch. 695, § 5, adding § 1170, subd. (b)(6).) The statutes became effective as of January 1, 2022, which was shortly before the date of Landeros's sentencing hearing.

Here, to be clear, Landeros does not contend that the trial court erred in its analysis of the factors supporting the selection of the upper term. Section 1170, subdivision (b)(2) permits the court to select the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." In his plea, Landeros stipulated to the circumstances justifying the upper term, namely that he had "caus[ed] great bodily injury to 4 individuals which [included] one who was under the age of 5;" and that he had "two prior dui convictions within the last 10 years," a "strike prior pursuant to [Penal Code section] 667(a)–(i) and a nickel prior pursuant to [Penal Code section] 667(a)(1)." Thus, it is not disputed that the court did not err in its analysis of the applicability of the upper term pursuant to section 1170, subdivision (b)(2). Nonetheless, on appeal,

6

Landeros contends that section 1170, subdivision (b)(6) required the court to further consider whether the lower term should have been imposed.[2]

Section 1170, subdivision (b)(6) provides in pertinent part that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" [or] (B) the person is a youth or was a youth[3] . . . at the time of the commission of the offense."  Appellant now argues that the court failed to consider whether youth or trauma was a contributing factor in the offense.

Landeros is correct when he points out that section 1170, subdivision (b) was not a topic of much discussion during Landeros's sentencing hearing. At that hearing, there was only a single specific reference to section 1170, when Landeros's counsel referred in passing to changed laws, including "Senate Bill 567, which changed the law in [section] 1170 [of the] Penal Code."  Instead, both the parties and the court focused in detail on the changes to section 1385, no doubt because the multiple enhancements before the court had the potential to "raise the range [of sentence] quite significantly."  Specifically, Landeros never argued to the court that youth or

---

2    We assume, without deciding, that if a court correctly determines that there is a basis to impose the upper term, nonetheless section 1170, subdivision (b)(6) requires that it must separately consider whether it is required to order the lower term.

3    For purposes of this statute, a youth is a person under age 26.  (See § 1016.7.)  Landeros was 24 when he committed the offense.

7

psychological trauma was a contributing factor in the commission of the offense, such that the court should impose the lower term in accordance with section 1170, subsection (b)(6). Further, nowhere in Landeros's sentencing brief or his supplemental sentencing brief is there a single reference to section 1170. Yet Landeros faults the court for failing to undertake the analysis that he now requests.

As a result, Landeros has forfeited this argument on appeal.

The California Supreme Court has held that "the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices. Included in this category are cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) As the Court explained, "Our reasoning is practical and straightforward. Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid.*)

If at sentencing, Landeros's counsel had asked the court to rule on the applicability of section 1170, subdivision (b)(6) and to select the lower term, the trial court would have been readily able to address the issue, as is clear by its detailed rulings on the *Romero* motion and on the applicability of the amendments to section 1385 with respect to the multiple enhancements facing Landeros. By failing to argue the applicability of section 1170, subdivision (b)(6) in the trial court, Landeros did not enable the trial court to

8

do so, and therefore he is precluded from now raising the claim on appeal. (See *Scott*, *supra*, 9 Cal.4th at p. 353.)

But even if Landeros had not forfeited the issue, we would conclude that the trial court did not abuse its discretion in declining to impose the lower term.

We start with the presumption that the trial court knew and applied the correct law, including the recent amendments to Penal Code section 1170. (See *People v. Thomas* (2011) 52 Cal.4th 336, 361.) We do not presume that the trial court failed to specifically discuss section 1170, subdivision (b)(6) because it was unaware of the amended statute's requirements. Instead, we presume the judgment is correct and indulge all presumptions to support it on matters about which the record is silent. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

As to Landeros's status as a youth, the court was well aware that Landeros was a "youth" at the time of the offense. The probation report, which the court reviewed, stated that Landeros's current age was 26, and the offense had occurred two years earlier. Landeros's counsel emphasized his youth at sentencing. Thus, in declining to sentence Landeros to the low term, the court must necessarily have concluded either (1) that youth was not a contributing factor in the commission of the offense; or (2) that "aggravating circumstances outweigh[ed] the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subdivision (b)(6).) The record amply supports either finding.

Further, nothing in the record suggests that Landeros's age played any role in the commission of the offense. The offense before the court was Landeros's third conviction for driving under the influence, the first of which occurred when he was 19, the second when he was 21, and the most recent

when he was 24. Landeros's conduct over the years necessarily has evolved from youthful folly to something more serious. Further, in the absence of any argument at sentencing that section 1170, subdivision (b)(6)(B) applied and where " '[t]here was no explicit indication in the record that appellant's youth contributed to the commission of the offense,' " the court was not required to make an express finding regarding the applicability of that section. (*Fredrickson, supra*, 90 Cal.App.5th 984, 994.)

As to childhood trauma, defense counsel argued that Landeros suffered from trauma, based upon a report written by Judith Meyers, a licensed clinical psychologist, and on Landeros's letter to the court. Landeros told Dr. Meyers that his parents had been in conflict during his childhood and "it was not a loving home." Dr. Meyers diagnosed him with Alcohol Use Disorder and Personality Disorder NOS. In Landeros's letter to the court, he recounted that had had been abandoned by his father growing up and lacked other father figures, and was considered the "black sheep" of his family. (He had previously told the probation officer that his childhood was "not good but not hard.")

The court specifically noted the statements regarding Landeros's family life growing up but found that these factors were not related to the current case, noting that the court did not see a basis to conclude that Landeros's childhood led to his Personality Disorder or Alcohol Use Disorder, further noting that "I don't see the connection to the case with the personality use disorder."

Beyond whether youth or trauma were alleged to have contributed to the offense, the court's analysis of aggravating and mitigating factors make clear that the court also found the one additional point under section 1170, subdivision (b)(6)—namely that imposition of the lower term would be

10

contrary to the interests of justice. The court specifically discussed aggravating factors (causing great bodily injury to three individuals, engaging in conduct that indicated a danger to the community, and committing the offense while on parole for a previous DUI conviction) and the sole mitigating factor (early acceptance of guilt), noting that "the circumstances in aggravation far outweigh the circumstances in mitigation." It cannot be said that because the court did not add to the analysis an explicit statement "that imposition of the lower term would be contrary to the interests of justice" that the court erred in failing to consider a lower term. (§ 1170, subdivision (b)(6).)

The record makes clear that the court would have concluded that the lower term would be contrary to the interests of justice. At sentencing, the court specifically noted the significant benefit that Landeros received because otherwise-applicable enhancements were not imposed as a result of the recent amendments to section 1385, and added:

> "So I have to follow [the] Legislature whether I agree with it or not. And frankly, I'm in a position where this court has to strike GBI allegations for two of the individuals who are seriously hurt based on the actions of Mr. Landeros, which I don't think is right. I don't think it's fair. But it's the law and I have to follow the law."

Remand is not required where, as here, "the record contains a clear indication that the court will not exercise its discretion in the defendant's favor." (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 427) Remand is said to be an "idle act" in such a situation. (*Ibid.*)

11

C. *The trial court did not err in declining to treat Landeros's strike prior as an enhancement subject to Senate Bill No. 81*

Landeros further contends that the trial court erred when it denied his request to dismiss his strike prior[4] pursuant to Senate Bill No. 81, which amended section 1385.[5] The People argue that section 1385 as amended applies by its terms to enhancements, not to an alternate sentencing scheme, such as the application of strike priors. We agree.

We review the interpretation of a statute de novo. (*People v. Burke* (2023) 89 Cal.App.5th 237, 242 (*Burke*) ["Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo."].)

At sentencing, the court specifically considered and rejected Landeros's argument that Senate Bill No. 81's amendments to section 1385, concluding that the newly-amended section 1385 did not apply to strike priors.

By its terms, section 1385 applies to enhancements. Courts have made clear that the term "enhancement" is not synonymous with factors such as strike priors that are part of the base term. For example, in *Burke, supra,* 89 Cal.App.5th at 243–244, the court held that whereas an enhancement is

---

4  Section 1170.12, subdivision (c) defines a strike prior: "For purposes of this section, and in addition to any other enhancements or punishment provisions that may apply, the following apply if a defendant has one or more prior serious or violent felony convictions: [¶] (1) If a defendant has one prior serious or violent felony conviction as defined in subdivision (b) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

5  Landeros does not challenge the denial of his *Romero* motion.

12

an additional term of imprisonment added to a base term, as stated in California Rules of Court, rule 4.405, sentencing under the Three Strikes law is an alternative sentencing scheme. The court in *Burke* concluded that factors in aggravation such as prior strike convictions are not enhancements for purposes of Senate Bill No. 81 and its amendments to section 1385. (*Burke*, at pp. 243–244; see also *People v. Pantaleon* (2023) 89 Cal.App.5th 932, 939–940 [factors in aggravation are not enhancements, but are part of the base term]; *People v. Williams* (2014) 227 Cal.App.4th 733, 744 [the "Three Strikes law is a penalty provision, not an enhancement"].)

Accordingly, the trial court correctly declined to construe Landeros's strike prior as an enhancement that could be dismissed under section 1385.

On appeal, Landeros argues that principles of equal protection give the court authority to dismiss his strike prior, because section 1385, subdivision (c)(2)(G) authorizes the court to strike enhancements for offenses committed as a juvenile, and he argues that he is similarly situated with juvenile offenders. Landeros did not present this argument to the trial court, and we decline to consider it on appeal. (See *Scott, supra*, 9 Cal.4th at p. 353.) We will note, however, that the courts have held that it is not a denial of equal protection to make sentencing distinctions based on the age of the offender. (See, e.g., *People v. Hardin* (2022) 84 Cal. App. 5th 273, 285, review granted Jan. 11, 2023, S277487 ["there is a rational basis for the Legislature's decision to treat these two groups [juveniles and young adults] differently"].)

Similarly, in his reply brief, Landeros briefly contends that in his sentencing, the court "seems to run afoul of the prohibition on dual use of facts," citing *People v. Avalos* (1984) 37 Cal.3d 216, 233. This argument was not presented to the trial court nor developed before us. We decline to consider it. (See *People v. Guzman* (2019) 8 Cal.5th 673, 683, fn. 7 ["Although

defendant mentions due process in passing, he does not develop the argument, choosing instead to focus on his equal protection claim. We adopt the same focus and hold that any due process claim has been forfeited."].)

DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.