Filed 6/6/25  P. v. Miller CA1/5
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JARROD JOSEPH MILLER,<br><br>        Defendant and Appellant. | A170201<br><br>(Sonoma County<br>Super. Ct. No. SCR-598331-1) |

Jarrod Joseph Miller (appellant) appeals from the trial court's denial of his request for resentencing pursuant to Penal Code 1171.1.[1]  We affirm.

## BACKGROUND

In 2012, appellant was convicted of first degree murder with personal discharge of a firearm causing death (§§ 187, subd. (a), 12022.53, subd. (d)), and burglary with personal use of a firearm (§§ 459, 12022.5, subd. (a)).[2] Appellant was sentenced to an aggregate prison term of 50 years to life.  This court affirmed the judgment on appeal.  (*People v. Miller* (2014) 231 Cal.App.4th 1301.)

---

[1] All undesignated statutory references are to the Penal Code.

[2] The underlying facts are not relevant to this appeal.

1

In December 2023, appellant, acting in propria persona, filed a document entitled, "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code section 1172.1." (Capitalization altered.)  In it, appellant argued new law granted the trial court authority to dismiss the firearm enhancement.  In January 2024, the court issued an order denying the request: "Because this case is final on appeal, this Court has no jurisdiction to address petitioner's invitation for the Court to grant the relief he seeks.  Furthermore, the petitioner fails to demonstrate that any changes in law, since the time of his sentencing for the conviction offense, apply retroactively to his sentence."  Appellant appeals from this order.

## DISCUSSION

"Effective January 1, 2024, the Legislature amended section 1172.1 to expand the court's ability to recall and resentence a defendant on its own motion.  (See Assem. Bill No. 600 (2023–2024 Reg. Sess.); Stats. 2023, ch. 446, § 2.)  Now, a court . . . may recall the sentence on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'  (§ 1172.1, subd. (a)(1).)  This recall-and-resentencing 'may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case.'  (*Ibid*.)"  (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 694–695, petn. for review filed Apr. 15, 2025.)

The People contend the trial court's order is nonappealable, pointing to a provision in the amended statute providing, "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)  In light of this provision, the People

2

contend that an order denying such a request does not "affect[] the substantial rights of the party" and is therefore nonappealable. (§ 1237, subd. (b).)

Appellant does not contest the proposition that, as a general matter, such orders are nonappealable. However, appellant contends the order in this case does affect his substantial rights because the trial court erroneously found it lacked jurisdiction to consider his resentencing request. (See *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 (*McDaniels*) [" 'Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion' "].) Appellant seeks a remand with directions to the trial court to exercise its discretion. (See *ibid.* [" '[W]hen the record shows that the trial court proceeded with sentencing on the . . . assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing' "].)

The People do not dispute the court erroneously found it lacked jurisdiction, but argue that the order is nonetheless nonappealable or, in the alternative, that remand would be futile in light of communications between appellant's appellate counsel and the superior court occurring after the appealed-from order.[3] In September 2024, appellant's appellate counsel

---

[3] "Postjudgment evidence is generally not admissible on appeal [citation], but it may be considered to determine whether it renders an appeal moot." (*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1411, disapproved of on another ground by *People v. DeLeon* (2017) 3 Cal.5th 640, 646.) Appellant does not challenge our consideration of this evidence on appeal, and we agree with the implied concession that, for these purposes, determining the futility of a remand is equivalent to determining mootness.

wrote the superior court requesting it reconsider appellant's request for resentencing. In the letter, counsel explained at length that newly amended section 1172.1 authorized a court to resentence a defendant at any time if applicable sentencing laws had changed, and that applicable changed laws were present here. In October, the clerk of the superior court responded to appellate counsel: "The Court is in receipt of your Request for Recall of Sentence and Resentencing pursuant to Assembly Bill 600 and Penal Code 1172.1. Pursuant to PC 1172.1(c), the court takes no action on your request."

Even if the appealed-from order is nonappealable (an issue we need not and do not decide), "we have discretion to treat a failed appeal as a petition for a writ of mandate [citation], and we would do so in this case." (*Quintanar v. County of Riverside* (2014) 230 Cal.App.4th 1226, 1232.) On the merits, we agree with the People that the October 2024 letter clearly indicates the court would have declined to exercise its discretion even if it had been aware of such discretion, and remand is therefore not required.[4] (See *People v. Salazar* (2023) 15 Cal.5th 416, 425 ["when, as here, a sentencing court was not fully aware of the scope of its discretionary powers, 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion" ' "]; *McDaniels, supra*, 22 Cal.App.5th at p. 425 ["if ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required" ' "].)

---

[4] Because of this conclusion, we need not and do not decide the People's alternative contention that the court reasonably construed appellant's request as requesting different relief the court had no jurisdiction to grant.

4

Appellant does not contend that, on remand, the trial court would have been required to consider the substance of his resentencing request. Instead, appellant properly recognizes the trial court could still decline to do so pursuant to the express provision of the statute. (§ 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."].) Appellant argues the October 2024 letter does not clearly indicate the court would decline to consider his request on remand because it is unclear whether appellate counsel's letter had been considered and because the court's letter was signed by the clerk. We disagree. The letter is addressed to appellate counsel and refers to "your" resentencing request, indicating counsel's September 2024 letter was received and considered. Significantly, the letter states the court is taking no action "[p]ursuant to PC 1172.1(c)," clearly indicating the court was aware of the relevant statute granting it discretion to resentence, but was declining to take action. That the letter issued from the clerk rather than a bench officer is of no moment, as the cited provision grants the court statutory authority to decline to respond at all.

## DISPOSITION

The order is affirmed.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A170201)

5